(June 6, 1963)

■ EMANUEL SHEMIN, Appellant, v. A. BLACK & COMPANY, INC., Respondent.

*Per Curiam.* Plaintiff sues for damages resulting from breach of an alleged oral agreement under which defendant, a commission broker, agreed to sell and falsely represented that it had sold 10,000 holly plants on behalf of plaintiff. Pursuant to notice given a month earlier, defendant was permitted to amend its answer and plead, among other things, a second separate and affirmative defense asserting that for the purpose of influencing one Wheeler, defendant's agent, to make the agreement alleged in the complaint, plaintiff gave or agreed to give Wheeler the sum of $200, without defendant's knowledge

or consent. If such a corrupt arrangement were established upon trial it would constitute a violation of section 439 of the Penal Law.

The trial court, sitting without a jury, found that plaintiff had promised a "benefit" to Wheeler and later given him $200 to influence his conduct, in violation of section 439; and on the basis of such finding held the agreement void and unenforcible and directed judgment for defendant.

Neither party took the pains to attempt to prove or disprove the claim of commercial bribery with the clarity and definiteness that a charge of this character requires; and as a result the evidence relied upon by the trial court to sustain this defense was far from satisfactory. Some of us believe that, on the present state of the record, the finding by the trial court of the corrupt arrangement is against the weight of the credible evidence. The penal statute upon which it is based must be strictly construed (57 C. J. S., Master and Servant, p. 443, § 639). A new trial of the issues raised by the second defense is therefore indicated.

In view of the preoccupation of the parties with this defense it would appear that the evidence concerning the terms of the agreement to sell, the scope of Wheeler's employment and the measure of damages could also be developed more fully and satisfactorily. Some of the court consider the finding that there was such an agreement as against the weight of the credible evidence.

Accordingly, judgment filed February 23, 1962 granting judgment against plaintiff on the merits should be reversed and a new trial ordered, with costs to abide the event.

Botein, P. J., Breitel, McNally, Stevens and Eager, JJ., concur.

Judgment, so far as appealed from, unanimously reversed, upon the law and the facts, and a new trial ordered, with costs to abide the event.