■ HOLY SPIRIT ASSOCIATION FOR THE UNIFICATION OF WORLD CHRISTIANITY, Also Known as the UNIFICATION CHURCH, Respondent-Appellant, v SEQUOIA ELSEVIER PUBLISHING Co., INC., Formerly Known as E. P. DUTTON & Co., INC., et al., Appellants-Respondents, et al., Defendant.—Order, Supreme Court, New York County, entered December 1, 1978, granting in part and denying in part the motion of defendants Sequoia Elsevier Publishing Co., Inc., and Tom Dulack for summary judgment dismissing the complaint, is modified, on the law, to the extent of reversing the order insofar as it denies the motion for summary judgment in part; and said defendants' motion for summary judgment is granted *in toto,* and the complaint is dismissed as to said defendants; and the judgment is otherwise affirmed, with costs to said defendants-appellants. It is conceded that plaintiff is a "public figure" to which the rule of *New York Times v Sullivan* (376 US 254) applies. We agree with Special Term insofar as Special Term held that most of the passages complained of in the offending book are protected under the rule of *New York Times v Sullivan (supra).* Special Term denied defendants' motion to dismiss with respect to the items set forth in paragraphs 9 I, and 9 J of the complaint, which quote a statement in the offending book that: "The cult that he heads [i.e., plaintiff church] is a theological-political instrument, combining elements of Manicheism, *Nazi-style anti-Semitism,* Calvinism, and the most discredited aspects of pre-Reformation Roman Catholicism, including the selling of blessings and indulgences and a doctrine of 'indemnification' for the sins of one's ancestors." (Italics ours.) And a further statement: "Communism is the offspring of Karl Marx, who was Jewish. Jesus was Jewish. Ergo, Jesus is also a philosopher of hatred, as are all the Jews." In *Rinaldi v Holt, Rinehart & Winston* (42 NY2d 369, 380), the Court of Appeals summarized the present state of this area of the law as follows: "Opinions, false or not, libelous or not, are constitutionally protected and may not be the subject of private damage actions, provided that the facts supporting the opinions are set forth. *(Buckley v Littell,* 539 F2d 882, 893, cert den 429 US 1062; Restatement, Torts 2d, § 566.)" In *Gertz v Robert Welch, Inc.* (418 US 323, 339-340), the Supreme Court said: "Under the First Amendment there is no such thing as a false idea. However pernicious an opinion may seem, we depend for its correction not on the conscience of judges and juries but on the competition of other ideas." In our view, the statements complained of are statements of opinion and thus protected by *New York Times v Sullivan (supra).* Whether or not the basis for these opinions need to be set forth, they are in fact set forth in the book. Whether the description of the plaintiff church and movement justifies the charge of

combining elements of "Nazi-style anti-Semitism," or whether what plaintiff says in its manual amounts to a statement that all Jews are philosophers of hatred are opinions. "It can be seen, the moment that we are involved in ascertaining what meaning [defendants'] statement purport to convey, that we are in the area of opinion as opposed to factual assertion." *(Buckley v Littell,* 539 F2d 882, 892.) " 'In the realm of religious faith, and in that of political belief, sharp differences arise. In both fields the tenets of one man may seem the rankest error to his neighbor.' " *(New York Times Co. v Sullivan, supra,* p 271, quoting *Cantwell v Connecticut,* 310 US 296, 310.) Such opinions, even if bizarre, and even if they have no sound basis in the facts which the writer characterizes by these opinions, are still constitutionally protected. Concur—Birns, J. P., Ross, Lupiano, Silverman and Carro, JJ.