ARTHUR R. SILSDORF, Respondent, v HARRY LEVINE et al., Appellants.

First Department, March 16, 1982

### APPEARANCES OF COUNSEL

*Robert E. Zimet* of counsel (*Skadden, Arps, Slate, Meagher & Flom,* attorneys), for appellants.

*Milton S. Teicher* for respondent.

### OPINION OF THE COURT

BLOOM, J.

This case arises out of a political campaign conducted in the Village of Ocean Beach, Fire Island, New York. Plaintiff was a candidate for re-election as Mayor of the village.

Defendants are of two categories. One group consists of four individuals who, at one time or another, had served as village trustees while plaintiff was Mayor. The other group consists of the officers of the Citizens Party of Ocean Beach, an unincorporated association which opposed the re-election of plaintiff and sponsored the election of another candidate.

Approximately a month and a half before the date of the election the individual defendants addressed an open letter to their neighbors in the village, on the stationary of the Citizens Party, calling for the defeat of plaintiff and the election of the candidate of the Citizens Party. In that letter they charged that plaintiff, who is an attorney with offices in New York City, had conducted, in the early days of his mayoralty, little legal business affecting the residents of the village. However, as time progressed, business promoters saw the opportunity to make money in the village. By consequence "more and more of the mayor's law practice has been taken up representing discotheques, bars, fast food operators and others who would profit from increased day-and-night traffic in Ocean Beach". In addition to asserting that plaintiff, in opposition to the will of the trustees, favored the interests of those seeking increased traffic in the village the letter charged plaintiff with establishing one-man rule; granting written authorization to a restaurant to bring in excursion boats in violation of a village ordinance; failing to intervene in a proceeding brought by the State Liquor Authority to revoke the license of a bar, and, in fact, representing the bar operator in those proceedings before the SLA; seeking to issue, improperly, a building permit to one of his clients and compelling residents of the village to institute court proceedings to prevent the issuance of the permit; and claiming credit for providing a youth center whereas, in truth, he had voted against the rental of village property, known as "Windswept", to the youth center and had endeavored to sell the property "out from under the village. It was only after strenuous efforts by mothers from the youth group that other trustees outvoted the mayor by a 3-2 vote on September 6, 1969. 'Windswept' was saved, and rented

to the youth group. Mayor Silsdorf voted against renting it to the youth group".

The letter draws to a close with a recognition of plaintiff's services to the village in the past. This is followed by two sentences which include the famous quotation from Lord Acton's letter to Bishop Mandell Creighton: "[b]ut we also recognize that 'power tends to corrupt, and absolute power corrupts absolutely.' There is no longer any question about the corruptness of Arthur Silsdorf's administration of the affairs of the Village of Ocean Beach".

The election resulted in plaintiff's defeat. Thereafter, he brought this action alleging defamation. The complaint asserts one cause of action in libel. Defendants moved to dismiss. Special Term denied the motion asserting that "the complaint meets the minimal statutory pleading requirements to state a cause of action for libel". We disagree. Accordingly, we reverse and dismiss the complaint.

Two issues are tendered by the parties; first the scope of permissible judicial review on a motion to dismiss a complaint upon the ground that it fails to state a cause of action; and, secondly, whether the complaint, judged by those standards, sets forth a cause of action.

## I

The Civil Practice Law and Rules gives greater depth to a motion to dismiss than did the Civil Practice Act by according the court the power to treat such a motion as a motion for summary judgment (CPLR 3211, subd [c]). However, the right to do so is limited by the condition that before so doing the court must give adequate notice to the parties. Here, Special Term expressly abstained from giving such notice. Hence, our focus is limited to the complaint itself (*Guggenheimer v Ginzburg,* 43 NY2d 268; *Rovello v Orofino Realty Co.,* 40 NY2d 633). We are required to read the publication as a unitary whole (*James v Gannett Co.,* 40 NY2d 415) and to assume the truth of the facts alleged and to construe them liberally (*219 Broadway Corp. v Alexander's, Inc.,* 46 NY2d 506; *Barr v Wackman,* 36 NY2d 371). If, upon any reasonable construction of these *facts,* the allegations would entitle plaintiff to a recovery judicial inquiry comes to an end and the com-

plaint must be adjudged to be sufficient (*Guggenheimer v Ginzburg,* 43 NY2d 268, *supra; 219 Broadway Corp. v Alexander's, Inc.,* 46 NY2d 506, 509, *supra*).

Accordingly, we treat with the complaint facially, giving to the *facts* alleged therein a liberal and reasonable intendment for the purpose of determining whether it asserts a cause of action in libel.

## II

It would be pointless to trace, in detail, the manifold changes wrought in the law of defamation by the seminal case of *New York Times Co. v Sullivan* (376 US 254). It is sufficient for our purposes to start with the principle laid down in *Gertz v Robert Welch, Inc.* (418 US 323, 339-340), that: "Under the First Amendment there is no such thing as a false idea. However pernicious an opinion may seem we depend for its correction not on the conscience of the judges and juries but on the competition of other ideas". The New York courts have added but one element. They have required that the facts constituting the basis for the opinion be set forth so that the reader might judge for himself the validity of the opinion. "Opinions, false or not, libelous or not, are constitutionally protected and may not be the subject of private damage actions, provided that the facts supporting the opinions are set forth". (*Rinaldi v Holt, Rinehart & Winston,* 42 NY2d 369, 380, cert den 434 US 969; see, also, *Rand v New York Times Co.,* 75 AD2d 417; *Holy Spirit Assn. for Unification of World Christianity v Sequoia Elsevier Pub. Co.,* 75 AD2d 523.)

There are occasions when the distinction between fact and opinion becomes blurred and differentiation between them becomes difficult (50 Am Jur 2d, Libel and Slander, § 289). Nevertheless, the question remains one of law, to be determined by the court (*Rinaldi v Holt, Rinehart & Winston,* 42 NY2d 369, 381, *supra*).

Here, no such problem exists. There is a clear line of demarcation between fact and opinion. The open letter plainly sets forth both the opinions of the writers as well as the facts upon which those opinions are based and each is separate. While the entire letter is appended to the complaint as an exhibit, it is noteworthy that the particular

portions excerpted in the complaint* deal with conclusions, i.e., opinions, based on the fact assertions set forth in the letter.

Plaintiff strains to give criminal implications to the final portion of the quoted material that "there is no longer any question about the corruptness of Arthur Silsdorf's administration of the affairs of Ocean Beach". However, corruption does not necessarily entail criminal activity. Indeed, a more preferred meaning is a deviation from accepted or acceptable ethical or moral norms. Here, the facts purporting to signify corruption are set forth. Hence, the argument that they signify criminal activity carries no force. On that ground alone dismissal would be warranted.

## III

However, there are additional grounds which mandate reversal.

Plaintiff, as an incumbent Mayor and a candidate for re-election, had thrust himself into the public arena. To those to whom the open letter was addressed he was a public figure (*Rosenblatt v Baer,* 383 US 75; *Ocala Star-Banner Co. v Damron,* 401 US 295).

As such the statements contained in that letter are not actionable unless made with actual malice or unless made wantonly or recklessly and without regard to whether they were true or false (*New York Times Co. v Sullivan,* 376 US 254, *supra; Curtis Pub. Co. v Butts,* 388 US 130; *Rosenbloom v Metromedia,* 403 US 29; *Rinaldi v Holt, Rinehart & Winston,* 42 NY2d 369, *supra*).

The claim that the statements were the product of actual malice or wanton and reckless disregard of the truth, falls by the wayside in light of the failure of plaintiff to contest the factual basis upon which the opinions are bottomed. Indeed, plaintiff's endeavor to negate them was to seek to

---

* "but in recent years, as more business promoters have seen the opportunity to make money at Ocean Beach, they have found it pays to do business with the mayor * * * we are concerned because we believe the mayor is profiting from his private law practice at the expense of the Village of Ocean Beach * * * by unethically representing the people who seek to convert the village into a strip of pizza parlors, frozen custard stands and bars * * * there is no longer any question about the corruptness of Arthur Silsdorf's administration of the affairs of Ocean Beach".

explain the circumstances in which they occurred. Thus, his basic contention is that the opinions were not warranted. That, however, does not make the opinions actionable, since it cannot be said that the opinions do not flow reasonably from the facts set forth (*Rinaldi v Holt, Rinehart & Winston,* 42 NY2d 369, 380, *supra*).

## IV

Finally, it should be noted that the open letter was issued in the heat of a political campaign. It is singularly important, in a democratic society where the nature and philosophic direction of government is determined at elections, that debate be free, robust and unfettered (cf. *Gilberg v Goffi,* 21 AD2d 517, affd 15 NY2d 1023). Particularly is this true with respect to the voicing of opinions as to the past record of a candidate. Those who seek public office consciously subject their public lives to the careful and sometimes zealous scrutiny of those who oppose them. To reduce it to a pithy phrase coined by the late President Harry S. Truman, "If you can't stand the heat, don't go into the kitchen". To hold that opinions voiced in throw-aways, leaflets, open letters and other literature used in political campaigns are subject to the law of defamation would be to negate our long, and sometimes troubled, political history. (*Monitor Patriot Co. v Roy,* 401 US 265; *Rosenblatt v Baer,* 383 US 75, *supra; Ocala Star-Banner Co. v Damron,* 401 US 295, *supra.*) It does not lie within our province to do so.

Accordingly, the order of the Supreme Court, New York County (GABEL, J.), entered July 14, 1981, denying the motion of defendants to dismiss the complaint should be reversed on the law and the motion granted and the complaint dismissed, without costs.

LUPIANO, J. (dissenting). The complaint herein alleges that plaintiff, an attorney, was the subject of a widely circulated leaflet (open letter), issued by the defendants, which was false and defamatory in content to the extent that "defendants not only charged plaintiff with the crime of corruption, but they also intended the words to mean that plaintiff, as mayor of the Village of Ocean Beach, sold favors in his official capacity, dealt corruptly with men seeking an opportunity to make money at the expense of

the Village of Ocean Beach, profited corruptly in his law practice at the expense of the Village of Ocean Beach, and acted unethically and corruptly with persons doing business in and with the Village of Ocean Beach, all to the detriment of the said Village, and the publication was so understood by the readers thereof and by the general public". The complaint herein further alleges that the open letter was published and circulated with actual malice and that "[p]laintiff has at no time committed an unethical act either professionally or as mayor of the Village of Ocean Beach, nor has he ever represented any persons in any dealings by them with the Village of Ocean Beach, nor has he ever profited as an attorney at the expense of the Village of Ocean Beach, nor did he or his administration ever commit a crime or corrupt act, nor was his behavior at any time criminal or corrupt".

As observed in *219 Broadway Corp. v Alexander's, Inc.* (46 NY2d 506, 509): "Initially, we note the procedural posture in which this case comes before us. The sole question presented for our review is whether the plaintiff's complaint states a cause of action. As such, we accept, as we must, each and every allegation forwarded by the plaintiff without expressing any opinion as to the plaintiff's ability ultimately to establish the truth of these averments before the trier of the facts. (See, e.g., *Becker v Schwartz,* 46 NY2d 401, 408; *Cohn v Lionel Corp.,* 21 NY2d 559, 562; *Kober v Kober,* 16 NY2d 191, 193.) If we find that the plaintiff is entitled to a recovery upon any reasonable view of the stated facts, our judicial inquiry is complete and we must declare the plaintiff's complaint to be legally sufficient. (See, e.g., *Dulberg v Mock,* 1 NY2d 54, 56; *Condon v Associated Hosp. Serv. of N.Y.,* 287 NY 411, 414.)"

The open letter contains purported factual recitals and opinions based thereon. The accuracy of these recitals which form the foundation for the opinions is contested by plaintiff who has steadfastly maintained that the recitals are false. Defendants' claim of privileged opinion is based on the premise that the letter disclosed the facts upon which their accusatory opinions were based. It is clear that to claim this privilege, *true,* not false, statements of fact

must be disclosed. As aptly noted by the Court of Appeals in *Rinaldi v Holt, Rinehart & Winston* (42 NY2d 369, 380): "The First Amendment does not recognize the existence of false ideas. 'However pernicious an opinion may seem, we depend for its correctness not on the conscience of judges and juries but on the competition of other ideas. *But there is no constitutional value in false statements of fact.' (Gertz v Robert Welch, Inc.,* 418 US 323, 339-340.) Opinions, false or not, libelous or not, are constitutionally protected and may not be the subject of private damage actions, provided that the facts supporting the opinions are set forth. (*Buckley v Littell,* 539 F2d 882, 893, cert den 429 US 1062; Restatement, Torts 2d, § 566.)" (Emphasis supplied.)

The assertion in the letter that plaintiff's administration of the affairs of the Village of Ocean Beach is characterized by "corruptness" would likely be understood by the ordinary and average reader, in the context of the entire letter, as meaning that plaintiff had committed illegal and unethical actions. "Accusations of criminal activity, even in the form of opinion, are not constitutionally protected. (*Gregory v McDonnell Douglas Corp.,* 17 Cal 3d 596, 604 * * * cf. *Palm Beach Newspapers v Early,* 334 So 2d 50, 52 [Fla.]; *St. Amant v Thompson,* 390 US 727, 730; but see *Garrison v Louisiana,* 379 US 64, 76-77 * * *) While inquiry into motivation is within the scope of absolute privilege, outright charges of illegal conduct, if false, are protected solely by the actual malice test. As noted by the Supreme Court of California, there is a critical distinction between opinions which attribute improper motives to a public officer and accusations, in whatever form, that an individual has committed a crime or is personally dishonest. No First Amendment protection enfolds false charges of criminal behavior. (*Gregory v McDonnell Douglas Corp., supra;* cf. *James v Gannett Co.,* 40 NY2d 415 * * *)" (*Rinaldi v Holt, Rinehart & Winston, supra,* p 382).

To impart the flavor of the context of the letter in which plaintiff is accused of corruptness and lack of ethics, plaintiff in his complaint specifically notes the following statements set forth in that letter: "But in recent years, as more business promoters have seen the opportunity to make money in Ocean Beach, they have found it pays to do

business with the mayor * * * We are concerned because we believe the mayor is profiting from his private law practice at the expense of the Village of Ocean Beach * * * by unethically representing the people who seek to convert the village into a strip of pizza parlors, frozen custard stands and bars * * * There is no longer any question about the corruptness of Arthur Silsdorf's administration of the affairs of the Village of Ocean Beach."

Viewing the allegations of the complaint against the cardinal principles in the law of libel delineated above, and acknowledging that the defendants' motion is addressed solely to the sufficiency of the complaint as a pleading, rather than to its merits, it is concluded that the complaint states a cause of action.

It is also noteworthy that the letter is to be "considered as a whole, that its meaning depends, not upon isolated and detached statements, but upon ' "the whole scope and apparent object of the writer." ' * * * The writing must be 'read against the background of its issuance, under the circumstances of its publication' * * * and construed, not with the high degree of precision expected of and used by lawyers and judges, but as it would be read and understood by an ordinary member of the public to whom it is directed" (*Julian v American Business Consultants*, 2 NY2d 1, 23).

Accordingly, the order of the Supreme Court, New York County, entered July 14, 1981, which denied defendants' motion to dismiss the complaint for failure to state a cause of action in libel, should be affirmed.

SANDLER and SILVERMAN, JJ., concur with BLOOM, J.; BIRNS, J. P., and LUPIANO, J., dissent in an opinion by LUPIANO, J.

Order, Supreme Court, New York County, entered on July 14, 1981, reversed, on the law, without costs and without disbursements, the motion to dismiss the complaint granted and the complaint dismissed.