OPINION OF THE COURT
Seymour Schwartz, J.
Defendants move, pursuant to CPLR 3211 (a) (7), to dismiss the complaint for failure to state a cause of action. Defendant American Airlines, Inc. (American) moves by companion motion for the same relief.
Defendants are 7 of the 12 major airlines that offer frequent flyer promotional programs. These programs give customers who fly and use certain affiliated hotels and car rentals free bonus mileage credits. The individual flyer can redeem the bonuses for airline tickets. The programs are intended to encourage customers to regularly choose one airline over its competitors and to use related services.
Plaintiff does not challenge the frequent flyer promotional programs in their entirety. It only contests the legality of certain restrictions imposed by defendants on the transferability of the bonus mileage. American permits transfer of accrued benefits to individuals, but not corporations. The six other defendants prohibit transfer to nonfamily members.
Plaintiff is a real estate syndication business with employees who engage in business travel. It brings this class action on behalf of employers "who have a policy asking employees to return these bonus miles to them, or who would have such a policy absent the restrictiveness of defendants’ programs.”
Plaintiff contends that the restriction on transfer of bonus mileage prevents plaintiff from receiving benefits to which it is entitled as a matter of law. It claims that the programs encourage employees to arrange uneconomic business travel in order to gain personal use of the bonus mileage and that the restrictions on transfer intentionally shelter the bonuses from corporate use.
Plaintiff claims that the promotional programs encourage employees to act for their personal gain and are actionable as wrongful inducement to breach the employee-employer fidu *588 ciary duty. Plaintiff also charges defendants with commercial bribery in that employees are induced by personal gain to choose more expensive travel arrangements.
Plaintiff complains that American wrongfully refuses to provide account information concerning mileage accrued and benefits earned by its employees while conducting business. American contends that plaintiff can obtain the information through its own resources and that this claim must fall.
Plaintiff through the intervention of law seeks to restrict a nationwide sales campaign open to all airline users which encourages additional flying through a selected airline. The restriction is sought through the imposition of money damages on the grounds of interference with the employer-employee fiduciary relationship and commercial bribery. There is no demand to enjoin the program or claim that it is illegal per se.
To be successful, plaintiff must demonstrate that its employees are singled out as against other members of the public, that they are being culled surreptitiously without the approval of their employers and that this selective solicitation causes a rift between employer and employee, detrimental to the employer, and can be quantified through money damages.
To state a cause of action for wrongful inducement to breach of a fiduciary duty, plaintiff must allege a violation of a fiduciary duty, knowing inducement by defendants and damages. (Wechsler v Bowman, 285 NY 284.) An employee has a duty of undivided loyalty to his employer. (Sirkin v Fourteenth St. Stores, 124 App Div 384.) An employee as his employer’s agent has a duty to return benefits received in the course of his employment to the employer. (Western Elec. Co. v Brenner, 41 NY2d 291.) Plaintiff alleges that defendants’ policy restricting transfer of bonus mileage wrongfully prevents it from receiving these benefits.
Defendants contend that the restrictions on the transfer of bonus mileage do not prevent the employer from obtaining the benefit. They assert that plaintiff has raised no factual allegations of violations of an employee’s duty.
Plaintiff has failed to identify any employees who received defendants’ benefits and used those benefits for personal use, and so has not set forth a breach of a fiduciary duty. Plaintiff has not identified any policy promulgated by an employer which requires an employee to use bonus mileage for business purposes. Nor has plaintiff alleged that defendants knew of such policy and nevertheless knowingly induced plaintiff’s *589 employees to evade it. Finally and of great importance — plaintiff has failed to show it was unable to direct employees to use alternative carriers or require employees to use the mileage benefits received for business travel. In short, it has failed to demonstrate that even if there were a disadvantage it would be unable to correct it through its own policies.
Insofar as plaintiff may charge defendants with tortious interference with a contractual relationship, the charge of breach of fiduciary duty covers this cause of action here. The employer-employee relationship is one of implied or express contract and the duty an employee owes to his employer is that of agent to principal. (Western Elec. Co. v Brenner, 41 NY2d 291, 295, supra.)
Plaintiff charges defendants with commercial bribery in that the transfer restrictions are intended to influence employees to arrange travel for individual gains to the employers’ detriment. To state a cause of action for commercial bribery, plaintiff must allege that defendants conferred a benefit on plaintiff’s employee, without plaintiff’s consent, with the intent to influence the employee’s conduct. (Shemin v Black & Co., 19 AD2d 596.)
Defendants argue that any benefits conferred on plaintiff’s employees were from a promotional program which was advertised, generally known and available to the public. No authority has been cited which supports the proposition that benefits offered in a general promotional program are bribes. Further, the program is widely known and plaintiff has not prohibited its employees from participating or regulating their participation. Plaintiff does not allege that the benefits were conferred without plaintiff’s consent. Plaintiff has failed to state a cause of action for commercial bribery.
Defendants further contend that even if there is a legal breach, plaintiff is precluded from claiming damages which are avoidable. (See, S.A.B. Enters. v Village of Athens, 94 AD2d 915.) Plaintiff has not specified any corporate policy requiring employees to return the benefits from the frequent flyer programs to the employer. Nor does it allege that it directed employees to alternate travel arrangements and could not because of the intentional wrongful acts of defendants. Plaintiff is precluded from recovery of damages which it could have prevented in any event. (Spier v Barker, 35 NY2d 444.)
A motion to dismiss for failure to state a cause of action *590 poses the issue of whether plaintiff has a cause of action, not whether it has stated one. (See, Rovello v Orofino Realty Co., 40 NY2d 633, 638.) While affidavits may be used to preserve inartful pleading to demonstrate meritorious claims, plaintiff has not submitted any. It relies on the complaint. (Supra, at p 635.) The only issue then is the sufficiency of the allegations contained therein. (Silsdorf v Levine, 85 AD2d 297, 299-300.) Here, the complaint is devoid of facts which demonstrate that plaintiff’s employees violated company policy, that the policy was known to defendants, that defendants intentionally and knowingly acted to defeat plaintiff’s policy, and that plaintiff by its own conduct was unable to avoid the consequence of defendants’ allegedly wrongful acts. Due to the failure of these factual allegations, defendants’ motion to dismiss for failure to state a cause of action is granted. (Guggenheimer v Ginzburg, 43 NY2d 268; e.g., Greenberg v Acme Folding Box, 84 Misc 2d 181.)
Finally, plaintiff contends that American has failed to provide employee account information of mileage accrued and benefits conferred to employers. But plaintiff has failed to explain why this information could not be compiled by its own records. Since plaintiff pays for the travel arrangements, it possesses the necessary information to make these calculations.
Plaintiff’s causes of action fail because the solution to its discomfort lies through its own resources. It is free to direct its employees to alternative means of transportation or alternative airline carriers. In the case of American, it may order use of bonus mileage for other employees and in the case of all defendants it may direct that bonus mileage be used for future business travel or even not be applied for. It may secure information it requires from its employees by mandating reports from them to monitor its policy and directives. As payor for transportation it has the means to assure itself that the fiduciary relationship remains unimpaired and that no commercial bribery exists. With the solution within its control it may not place the burden of compliance with its policy on the airlines and seek to restrict their advertising campaign which fosters competition.
Accordingly, defendants’ motions to dismiss each cause of action in the complaint is granted.