■■■ NIAGARA MOHAWK POWER CORPORATION, Respondent, v HARVEY D. FREED et al., Individually and Doing Business as CONTRACTOR CLEARING COMPANY, et al., Appellants, et al., Defendants. [696 NYS2d 600] —Appeal by defendant Rick Boyd unanimously dismissed upon stipulation and order affirmed without costs. Memorandum: Plaintiff commenced this action alleging causes of action for violations of the Racketeer Influenced and Corrupt Organizations Act (RICO), fraud, commercial bribery, breach of fiduciary duty, breach of contract, and unjust enrichment. Defendants Harvey D. Freed, George Payton, Rick Boyd and Boyd Corliss, together with another defendant, were doing business as Contractor Clearing Company. Those named defendants and Dumac Forestry Services, Inc. (collectively defendants) appeal from an order of Supreme Court denying their motions to dismiss the complaint.

On a CPLR 3211 motion, we "take the allegations [in the complaint] as true and resolve all inferences which reasonably flow therefrom in favor of the pleader" (*Cron v Hargro Fabrics, Inc.*, 91 NY2d 362, 366; see, *Pharmhealth Infusion v Rohm Servs. Corp.* [appeal No. 1], 249 AD2d 950). The complaint adequately states a civil RICO cause of action. Plaintiff alleges that, from 1986 to 1990, defendants constituted an enterprise engaged in a pattern of racketeering activity that affected interstate commerce (see, 18 USC § 1962 [c], [d]; *Salinas v United States*, 522 US 52, 62). Plaintiff further alleges that it was economically injured by defendants' RICO violation (see, *Moss v Morgan Stanley Inc.*, 719 F2d 5, 17, *cert denied sub nom. Moss v Newman*, 465 US 1025). The racketeering activity included bribery and mail and wire fraud (see, 18 USC § 1961 [1]). The complaint sets forth "the time, place, manner, and content of the allegedly fraudulent mailings and communications" (*O'Brien v National Prop. Analysts Partners*, 719 F Supp 222, 230; see,

*Ritchie v Carvel Corp.,* 180 AD2d 786, 787). It further alleges that the predicate acts of racketeering were related and that the acts posed a threat of continued criminal activity (*see, H.J. Inc. v Northwestern Bell Tel. Co.,* 492 US 229, 238-240; *United States v Beasley,* 72 F3d 1518, 1525; *cf., Dow v Meyers,* 182 AD2d 1128).

The complaint sets forth in sufficient detail the circumstances constituting the wrong (*see,* CPLR 3016 [b]) to survive defendants' motion to dismiss the fraud cause of action. It is of no consequence that the allegations of fraud are not directed at any one particular defendant; the complaint sets forth in detail the fraudulent scheme involving all defendants (*see, Board of Mgrs. v Dylan Carpet,* 182 AD2d 551, 552). At this stage of the action, plaintiff is unable to state the circumstances of the fraudulent scheme in more detail because that information is exclusively in defendants' possession (*see, Lanzi v Brooks,* 43 NY2d 778, 780, *mot to amend remittitur granted* 43 NY2d 947, *rearg denied* 44 NY2d 733; *Grumman Aerospace Corp. v Rice,* 196 AD2d 572, 573).

Contrary to defendants' contention, commercial bribery can constitute a civil cause of action (*see, Philan Ins. v Hall & Co.,* 215 AD2d 112, 112-113; *Borne Chem. Co. v Dictrow,* 85 AD2d 646; *Southmark/Envicon Capital Corp. v United Airlines,* 132 Misc 2d 586, 589, *affd* 130 AD2d 987). Plaintiff sufficiently pleaded all the elements of that cause of action, i.e., that defendants conferred a benefit upon plaintiff's employee, without plaintiff's consent and with the intent to influence the employee's conduct (*see,* Penal Law § 180.03; *Southmark/Envicon Capital Corp. v United Airlines, supra*).

The breach of contract cause of action, alleged against Freed and Dumac Forestry Services, Inc., sufficiently sets forth the damages incurred by plaintiff as a result of the breach (*see, 9310 Third Ave. Assocs. v Schaffer Food Serv. Co.,* 210 AD2d 207, 208; *cf., Gordon v De Laurentiis Corp.,* 141 AD2d 435, 436). The breach of fiduciary duty cause of action, alleged against Freed, is not duplicative of the breach of contract cause of action (*see, Mandelblatt v Devon Stores,* 132 AD2d 162, 167-168). Nor is the unjust enrichment cause of action duplicative of the breach of contract cause of action. Plaintiff alleges that the contracts were induced by fraud, and therefore recovery under the equitable doctrine of quantum meruit is not precluded in the event the contracts are voided (*see, Taylor & Jennings v Bellino Bros. Constr. Co.,* 106 AD2d 779, 780). Finally, the fraud cause of action is independent of the breach of contract cause of action. Plaintiff alleges that defendants

breached a duty of reasonable care distinct from their contractual obligations, i.e., they fraudulently induced plaintiff to enter the contracts (*see, New York Univ. v Continental Ins. Co.*, 87 NY2d 308, 316).

The court properly determined that plaintiff's causes of action are not time-barred as a matter of law. The Statute of Limitations for a RICO cause of action is four years (*see, Klehr v Smith Corp.*, 521 US 179, 183; *Agency Holding Corp. v Malley-Duff & Assocs.*, 483 US 143, 152, 156). A civil RICO cause of action does not accrue, however, "until a plaintiff both knows, or should have known, of the injury to business or property, *and* that the predicate act causing injury is part of a pattern of racketeering activity" (*Podraza v Carriero,* 212 AD2d 331, 338, *lv dismissed* 86 NY2d 885 [emphasis in original]). The Statute of Limitations for a fraud cause of action is six years from the commission of the fraud or two years from the time when plaintiff discovered, or could with reasonable diligence have discovered, the fraud, whichever is longer (*see,* CPLR 203 [g]; 213 [8]; *Jeffrey BB. v Cardinal McCloskey School & Home for Children,* 257 AD2d 21; *Ghandour v Shearson Lehman Bros.,* 213 AD2d 304, 305, *lv denied* 86 NY2d 710). Plaintiff alleged that the RICO violations and the fraudulent scheme occurred between 1986 and 1990, but that plaintiff did not discover the injury to its business or the fraud until December 1996 when some of the defendants pleaded guilty to Federal tax evasion. Plaintiff alleged that it began an investigation and commenced this action in April 1998. Plaintiff raised an issue of fact with respect to when it knew or reasonably should have known of the pattern of racketeering activity (*see, Podraza v Carriero, supra,* at 339) and the fraud (*see, Trepuk v Frank,* 44 NY2d 723, 725; *Jeffrey BB. v Cardinal McCloskey School & Home for Children, supra*).

The Statute of Limitations for the commercial bribery, breach of contract, breach of fiduciary duty and unjust enrichment causes of action is six years (*see,* CPLR 213 [1], [2]). Plaintiff alleges that defendants induced it to refrain from commencing this action by misrepresentations and active concealment (*cf., Teneriello v Travelers Cos.,* 226 AD2d 1137, 1138, *lv denied* 89 NY2d 801). Plaintiff set forth sufficient factual allegations of defendants' affirmative acts of deception to raise a triable issue of fact whether the doctrine of equitable estoppel should apply to toll the Statute of Limitations. (Appeals from Order of Supreme Court, Onondaga County, Nicholson, J.—Dismiss Pleading.) Present—Hayes, J. P., Pigott, Jr., Hurlbutt and Scudder, JJ.