Burke, J.
Plaintiffs are persons interested in the estate of Gustav Erbe, who died testate in 1931. A predecessor to the defendant bank, together with others, including the plaintiff Gustav Erbe, Jr., duly qualified as executors of the will. The bank was also a creditor of the estate. A major portion of the estate assets consisted of shares of common and preferred stock in a closely held corporation of which the testator was the president and a cofounder. In 1941, the surviving executors, among whom were the plaintiff Gustav Erbe, Jr., and the defendant bank, submitted a petition to the Surrogate’s Court requesting that their accounts be judicially settled. This petition also contained a proposal for the sale of the aforesaid shares of stock at public auction and a proposal by the bank to bid at this sale upon the understanding that if it was successful the amount of its bid might be paid by offsetting the amount determined to be owed it by the estate. The Surrogate approved the settlement of the accounts, but declined to give any direction or advice concerning the proposed sale of the estate’s holding of stock. In July, 1943, the bank sold the stock to itself at a public auction, paying the purchase price therefor by crediting that amount against the claims it had against the estate. In April, 1945 a decree concluding the administration of the estate was entered.
In November, 1954, more than ten years after the bank had purchased the stock, this action was commenced.
Prior to joinder of issue the defendants moved under rule 107 of the Buies of Civil Practice to dismiss the complaint as to the defendant bank on the ground of res judicata, and as to all the defendants on the ground that as to them the action was not timely commenced.
Special Term viewed the action as one to procure a judgment on the ground of fraud and granted the motion to dismiss on both grounds. With respect to the defense of res judicata it held that the issues sought to be raised against the bank in this action were finally adjudged by the decrees in the Surrogate’s *325 proceedings. Concerning the defense of the Statute of Limitations it held that the action was barred as to all the defendants because the plaintiffs had knowledge of the facts constituting the fraud more than six years prior to the commencement of this action (Civ. Prac. Act, § 48, subd. 5).
On appeal the Appellate Division held that, in light of the allegations in the complaint asserting that the 1941 Surrogate’s decree was procured by extrinsic fraud, the defense of res judicata was not conclusively established and did not warrant a dismissal. However, in view of certain allegations in the complaint and the nature of the relief demanded, the majority of that court perceived the action as one seeking redress for “ self-dealing and breach of fiduciary duty by the bank, aided by the individual defendants ’ ’. Having posited the cause of action in that frame of reference, they declared that the allegations of actual fraud were not necessary to obtain a recovery and could not therefore transform the action into one to procure a judgment for fraud. Consequently, they held that, as the cause of action was for constructive fraud and was predicated upon the purchase of the stock by the bank in July, 1943, it accrued at that time and was barred by the ten-year period of limitations pertaining to equitable actions (Civ. Prac. Act, § 53).
We are of the opinion that neither defense should have been sustained and that the judgment must be reversed as to all of the defendants.
As we read the complaint we find that despite the allegations of fiduciary relationship and the breach thereof, there are other allegations which, expressly and by fair and reasonable intendment, are sufficient to make the action one to procure a judgment on the ground of fraud within the contemplation of subdivision 5 of section 48 of the Civil Practice Act (see Brundige v. Bradley, 294 N. Y. 345, 349), to wit, that pursuant to a pre-arranged plan and conspiracy, and through the use of various misrepresentations, concealments and other deceitful devices, the defendant bank, acting in concert with the individual defendants, fraudently acquired the afore-mentioned shares of estate stock. That the relief requested is not consistent with these allegations is of no moment. A prayer for relief may be resorted to as an aid in determining the nature of a cause of action (Dagood Holding Corp. v. Rosenbluth, 231 App. Div. 470, 473). However, it is not controlling and may even be *326 disregarded if inappropriate (Wainwright & Page v. Burr & McAuley, 272 N. Y. 130, 132). The complaint being susceptible of such construction it may not be dismissed on motion. As we declared in Nasaba Corp. v. Harfred Realty Corp. (287 N. Y. 290, 296): “At least, where the complaint may be so construed as to state causes of action the prosecution of which is not barred by any statute of limitations, speculation as to what other cause of action may be sufficiently alleged to warrant recovery thereunder which may be barred by some statute of limitations should not be indulged in the absence of facts appearing upon the trial after the defenses upon which defendants rely have been presented by proper pleading and proof (Schenck v. State Line Telephone Co., 238 N. Y. 308; Clark v. Kirby, 243 N. Y. 295).”
Furthermore, we are of the opinion that the record fails to disclose a sufficient basis for imputing a knowledge of the fraud alleged to the plaintiffs at a date greater than six years prior to the commencement of this action. True, the plaintiffs will be held to have discovered the fraud when it is established that they were possessed of knowledge of facts from which it could be reasonably inferred, that is, inferred from facts which indicate the alleged fraud. Ordinarily such an inquiry presents a mixed question of law and fact (Higgins v. Crouse, 147 N. Y. 411, 415) and, where it does not conclusively appear that the plaintiffs had knowledge of facts of that nature, a complaint should not be dismissed on motion (Dumbadze v. Lignante, 244 N. Y. 1, 9). Generally, knowledge of the fraudulent act is required and mere suspicion will not constitute a sufficient substitute (Baker v. Lever, 67 N. Y. 304, 309). Knowledge of the facts which aroused plaintiffs’ suspicions as to the defendant. bank’s good faith in the prior Surrogate’s proceedings was not necessarily knowledge of facts from which the alleged fraudulent conspiracy might be reasonably inferred. Thus, it was improvident to dismiss this complaint on that ground.
It well may be that the evidence adduced upon a trial will not be sufficient to sustain the alleged fraud or, on the contrary, that it will be sufficient to establish that the plaintiffs had knowledge of the alleged fraud more than six years before this action was commenced, but on a motion of this kind we do not pause to indulge in such speculations. (Nasaba Corp. v. Harfred Realty Corp., supra, pp. 295-296.)
*327 Directing our attention to the defense of res judicata, we are of the opinion that, insofar as the allegations constituting a cause of action for fraud are concerned, it is not well taken. Where two causes of action have such measure of identity that a different judgment in a later action would destroy rights or interests established by the earlier action, the judgment in the earlier action is conclusive in a later one as to matters which actually were or might have been litigated in the earlier action (Schuylkill Fuel Corp. v. Nieberg Realty Corp., 250 N. Y. 304, 306-307). However, when the situation is such as the present one, where not only the actions are different, but the relief requested and the rights and interests affected are not the same and none of the issues are similar, there is no measure of identity, and no basis for the application of the doctrine. Consequently, the defense of res judicata is not available for any purpose in this action.
Under the circumstances the judgment appealed from is reversed, with leave to the defendants to interpose the defense of the Statute of Limitations in the answer, if so advised.
Conway, Ch. J., Desmond, Dye, Fuld and Froessel, JJ., concur with Burke, J.; Van Voorhis, J., dissents and votes to affirm.
Judgment reversed, with costs in all courts, and matter remitted to Special Term for further proceedings in accordance with the opinion herein.