■ In the Matter of the Arbitration between LANSINGBURGH TEACHERS ASSOCIATION, Respondent, and DAVID C. HARDWICK, as Superintendent of Schools of the Lansingburgh Central School District, et al., Appellants. (And Another Related Proceeding.) — Appeal from an order of the Supreme Court at Special Term (Kahn, J.), entered July 18, 1980 in Rensselaer County, which, *inter alia*, granted petitioner's applications pursuant to CPLR 7503 to compel arbitration between the parties. The appealed order consolidated two separate proceedings by members of the petitioner Lansingburgh Teachers Association to compel arbitration of disputes between the parties which arose when respondents denied requests of three teachers for a leave of absence. It is petitioner's contention that respondents inequitably applied section 3 of article 8 of the labor contract which provides that "A leave of absence without pay or salary increase credits of up to one (1) year may be granted for personal reasons". Respondents claim that disputes concerning leaves of absence are not a proper subject for arbitration since such matters rest exclusively with the school board. Respondents' contention is rejected and the order is affirmed. It is well settled that in the public sector the determination of whether there is a valid agreement to arbitrate proceeds upon two levels. First, it must be determined whether the Taylor Law (Civil Service Law, art 14) authorizes arbitration of the subject matter, and second, whether the parties agreed, by the terms of their arbitration clause, to submit the dispute to arbitration (*Matter of Acting Supt. of Schools of Liverpool Cent. School Dist. [United Liverpool Faculty Assn.]*, 42 NY2d 509). Here, since there is no question that the Taylor Law authorizes arbitration of disputes concerning denial of requests for leaves of absence, the issue narrows to whether the parties agreed to arbitrate such disputes. In *Liverpool,* the Court of Appeals held that an agreement to arbitrate must be "express, direct and unequivocal as to the issues or disputes to be submitted to arbitration" (*supra,* at p 511). Here, the contract defines grievance as "a claim by a teacher or group of teachers that there has been a violation, misinterpretation or inequitable application of a provision(s) of this Agreement". Respondents' position that this provision does not demonstrate an agreement to arbitrate disputes arising out of determinations of requests for leaves of absence is untenable. Where, as here, the arbitration clause is unambiguous, encompassing all disputes based upon the interpretation, meaning or application of any provision of the contract, the matter should proceed to arbitration (*Matter of Board of Educ. v Deer Park Teachers Assn.,* 50 NY2d 1011). Lastly, since petitioner's demand for arbitration clearly specified the contract provision which is the subject of the grievances, it cannot be said, as urged by respondents, that petitioner's demands for arbitration are fatally vague. Order affirmed, with costs. Mahoney, P. J., Kane, Main, Mikoll and Weiss, JJ., concur.