■ MARINE MIDLAND BANK, N. A., Respondent, v JERRY HAMAM, INC., et al., Appellants, et al., Defendants. — Order and judgment unanimously reversed, with costs, and motion denied. Memorandum: Defendants Jerry Hamam, Inc., Jadallah Hamam, also known as Jerry Hamam, and Carol Hamam appeal from an order and judgment which granted plaintiff's motion for summary judgment dismissing their counterclaim as time barred (see CPLR 214). The complaint seeks foreclosure of mortgages given by the individual defendants Hamam as collateral security for business loans made by plaintiff to the corporate defendant Jerry Hamam, Inc., under a financing agreement between plaintiff and said corporate defendant. The business loans were for the purpose of enabling the corporate defendant to purchase automobiles for resale, and were secured by security agreements upon the personalty of the corporate defendant. The complaint alleges that the corporate defendant defaulted under the financing agreements; that plaintiff foreclosed under the security agreements and took possession of the corporate defendant's accounts receivable, sold its chattels at public auction, and that there remains a deficiency for which the foreclosure of the real estate mortgages is demanded. Defendants pleaded a number of affirmative defenses which then were incorporated into

their counterclaim. The counterclaim asserts that plaintiff engaged in an "oppressive and unconscionable" course of conduct designed to force the corporate defendant out of business, that plaintiff violated its agreements with defendants by taking possession of and selling the personal property of the corporate defendant and did so without legal right or justification and that plaintiff's conduct forced the corporate defendant to default on the loans and to cease doing business. It is conceded that all of plaintiff's actions with respect to the personal property of the corporate defendant had been completed by November, 1974, that this action was commenced on September 14, 1979 and that the counterclaim was interposed on October 12, 1979. The parties further agree that more than three but less than six years had expired from the accrual of the cause of action to the interposition of the counterclaim. In granting plaintiff's motion, Special Term held that the counterclaim states causes of action for intentional infliction of economic harm to defendants' business and for conversion, and that those causes of action are barred by the three-year Statute of Limitations under CPLR 214. When a cause of action is attacked as barred by a Statute of Limitations, it is the court's function to analyze the cause of action to determine its real nature, or as put in *Western Elec. Co. v Brenner* (41 NY2d 291, 293) its "gravamen or essence" (see, also, *Brick v Cohn-Hall-Marx Co.*, 276 NY 259). While we agree that the counterclaim may be viewed as attempting to plead a cause of action for prima facie tort or for conversion, we conclude nonetheless that it alleges breaches of an agreement which governed the relationship of the parties and their conduct toward one another. Even though the counterclaim may incidentally sound in tort, it pleads a cause of action for breach of contract which is governed by the six-year Statute of Limitations of CPLR 213 (see *Western Elec. Co. v Brenner, supra;* see, also, *Erbe v Lincoln Rochester Trust Co.*, 3 NY2d 321). (Appeal from order and judgment of Supreme Court, Niagara County, Broughton, J. — dismiss counterclaim.) Present — Dillon, P. J., Boomer, Green, Moule and Schnepp, JJ.