■ K&E TRADING & SHIPPING, INC., on Behalf of Itself and Shareholders of SEA STORAGE, INC., Appellant, v RADMAR TRADING CORPORATION et al., Respondents.—Order, Supreme Court, New York County (Shirley Fingerhood, J.), entered April 2, 1990, which, *inter alia,* granted defendants' motion for summary judgment and denied plaintiff's cross-motion for sanctions against defendants, unanimously modified, on the law, to deny defendants' motion for summary judgment, and otherwise affirmed, with costs.

By summons and complaint dated March 15, 1988, plaintiff commenced this action seeking damages for, *inter alia,* breach of fiduciary duty, fraud, conversion and for violations of the Martin Act (General Business Law § 352 *et seq.).* On February 11, 1977, plaintiff and defendant Radmar Trading Corporation, whose operating officer was Vlaho Bruer, entered into a joint venture for the participation in the revenue and expenses relating to the ownership of a vessel called "Sea Storage" which was to act as an off shore storage tank for crude oil brought from the Persian Gulf to the United States. In consideration for plaintiff's payment of $434,000 toward the ship's expenses, plaintiff was to receive one-third of the net profit of the ship and one-third of the net profits from the sale of the vessel.

On November 10, 1978, Radmar entered into another agreement with Dr. Adib Gabra for the sale of fifty percent of the ownership of "Sea Storage" for $500,000. A second contract was also entered into by the same parties, for the sale of the same interest, with this contract reflecting an inflated sales price of $1,600,000. Plaintiff maintained that it was unaware of the existence of this second contract and that it never received the proceeds from the sale in violation of its 1977 agreement with Radmar. In 1987, plaintiff learned that Gabra had appropriated the vessel, sold it for scrap and absconded with the proceeds. Plaintiff also learned, in December of that year, after Bruer's death, of the existence of the second contract.

Defendants moved for summary judgment on the ground

that the causes of action alleged in the complaint were barred by the statute of limitations and because no private right of action exists under the Martin Act. Plaintiff thereafter stipulated, with reservations, to the dismissal of the Martin Act causes of action. Plaintiff also cross-moved for an order precluding defendants from introducing any evidence in defense of the action, or, in the alternative, striking the answer and rendering a judgment by default against defendants. The Supreme Court agreed with defendants that the complaint was time-barred and granted the motion for summary judgment. The court also denied plaintiff's cross-motion for sanctions.

We agree with plaintiff that it was error to grant defendants' motion for summary judgment with regard to the causes of action sounding in fraud since triable issues of fact exist as to whether plaintiff, acting with reasonable diligence, could have discovered the alleged fraud in 1981.

An action based on fraud must be commenced within six years from the date of the commission of the fraud or two years after its alleged or imputed discovery, whichever is longer (CPLR 213 [8]; 203 [f]; *Schmidt v McKay,* 555 F2d 30). "Under New York law the issue of when a plaintiff, acting with reasonable diligence, could have discovered an alleged fraud turns upon whether the plaintiff possessed knowledge of facts from which he could reasonably have inferred the fraud; although a plaintiff may not shut his eyes to facts which call for investigation, mere suspicion will not suffice as a ground for imputing knowledge of the fraud" *(supra,* at 37, citing *Erbe v Lincoln Rochester Trust Co.,* 3 NY2d 321; *Higgins v Crouse,* 147 NY 411; *and see, Armstrong v McAlpin,* 699 F2d 79). An objective test is applied to determine when fraud, with reasonable diligence, should have been discovered *(Armstrong v McAlpin, supra).*

This inquiry has been described as a mixed question of law and fact *(Erbe v Lincoln Rochester Trust Co., supra).* Where it does not conclusively appear that plaintiff had knowledge of facts from which the alleged fraud might be reasonably inferred, the cause of action should not be barred by the statute of limitations *(Schmidt v McKay, supra; Trepuk v Frank,* 44 NY2d 723; *Erbe v Lincoln Rochester Trust Co., supra).* Whether a person had sufficient knowledge to discover a fraud necessarily involves a dispute over state of mind and conflicting interpretations of perceived events *(Schmidt v McKay, supra).*

Although defendants contend that plaintiff should have

discovered the purported fraud in 1978 when Bruer was alleged to have converted the funds from Gabra or in 1981 when its accountant examined the books, plaintiff maintains that despite the losses incurred, defendants continued to assure it that proceeds of the sale to Gabra had been deposited into the joint venture account and would be distributed after the level of revenues and expenses for the operation and management of the ship became clearer. Plaintiff further claims that despite its due diligence inquiry in 1981, it failed to discover the fraud because of defendants' concealment of the existence of the second contract and by their presentation of false ledgers.

Although the 1981 investigation revealed an excess of $742.86 in expenses over cash received, it cannot be said as a matter of law that plaintiff was then alerted to defendants' fraud. The record reveals that the expense for the ship exceeded the expectations of the parties. Plaintiff further claims that only after Bruer's death in 1987 did it become apparent that he had appropriated funds belonging to the joint venture. While the Supreme Court charged plaintiff with the knowledge of Lee Evins, one of its principals, who defendants allege was present when the second contract with Gabra was entered into, Evins is deceased and plaintiff disputes these hearsay allegations.

Since questions of fact exist with regard to whether plaintiff should have, with reasonable diligence, discovered the fraud in or prior to 1981, it was error to grant defendants' motion for summary judgment. It was not an improvident exercise of discretion, however, to deny plaintiff's cross-motion for sanctions.

We have considered the parties' remaining contentions and find them to be without merit. Concur—Rosenberger, J. P., Kupferman, Kassal and Rubin, JJ.