(March 28, 1995)

■ GHASSAN G. GHANDOUR et al., Appellants, v SHEARSON LEHMAN BROTHERS INC., Respondent. [624 NYS2d 390] —Order, Supreme Court, New York County (Elliott Wilk, J.), entered on or about September 24, 1993, which granted defendant's motion to dismiss plaintiffs' complaint pursuant to CPLR 3211 (a) (5), unanimously affirmed, without costs.

Plaintiff Ghassan Ghandour ("Ghandour") is chairman of, and owns a 50% interest in plaintiff Sultan Shipping Company Limited ("Sultan Shipping"). In or about July 1983, Ghandour opened two commodities trading accounts, one in his name and one in that of Sultan Shipping, with defendant Shearson Lehman Brothers Inc.'s ("Shearson") Paris office, investing an aggregate sum of approximately $2,000,000. Around the same time, plaintiff's brother, Muhieddine, opened a similar account. After the loss of "millions of dollars", trading was discontinued in the accounts in October 1984.

Plaintiff commenced the underlying action on or about October 9, 1992 by the service of a summons and complaint which interposed two causes of action: breach of fiduciary duty and common-law fraud. Plaintiffs assert that: a Mr. Jean Hindi, an individual who held himself out to be an employee of Shearson in its Paris office, made false representations in order to fraudulently induce Ghandour to open the accounts and to simultaneously execute a letter agreement authorizing Hindi to receive 50% of all commissions generated by the accounts (it should be noted that the latter document specifically stated that Hindi was neither a partner nor an agent of Shearson). The complaint alleges that Shearson aided in the fraudulent scheme and furthered the illusion that Hindi was a Shearson employee by providing him with, *inter alia,* a luxuriously appointed office in its Paris branch, a Shearson-employed secretary, business cards identifying Hindi as a financial consultant of Shearson, and use of its "physical facilities".

With regard to the fraudulent scheme, Ghandour avers that Hindi, *inter alia:* traded his personal accounts ahead of client's orders, which would likely "affect the market in a particular direction"; bought initial allotments of commodities contracts for lower prices for his own accounts and later advised the client who had made the original order that the contracts were unavailable; and would initiate trades on his own between his accounts and client accounts which, if a loss was realized, would be allocated to the client's account.

Shearson subsequently moved to dismiss the complaint for failure to plead fraud and breach of fiduciary with sufficient particularity, pursuant to CPLR 3016 (b), and because both claims are barred by the statutes of limitations, pursuant to CPLR 3211 (a) (5).

The IAS Court, in a decision dated July 21, 1993, granted defendant's motion and held that the claims were time-barred. Plaintiffs appeal and we now affirm.

A cause of action sounding in fraud must be commenced within 6 years from the date of the fraudulent act or 2 years from the date the party discovered the fraud or could, with due diligence, have discovered it (CPLR 213 [8]; 203 [g]; *Schoen v Martin,* 187 AD2d 253, 254; *Smith v Sarkisian,* 63 AD2d 780, 781, *affd* 47 NY2d 878).

An inquiry as to the time that a plaintiff could, with reasonable diligence, have discovered the fraud is a mixed question of law and fact *(Trepuk v Frank,* 44 NY2d 723) and turns upon whether a person of ordinary intelligence pos-

sessed knowledge of facts from which the fraud could be reasonably inferred *(Erbe v Lincoln Rochester Trust Co.,* 3 NY2d 321, 326; *K & E Trading & Shipping v Radmar Trading Corp.,* 174 AD2d 346; *Waters of Saratoga Springs v State of New York,* 116 AD2d 875, 878, *affd* 68 NY2d 777).

We find that the IAS Court correctly concluded that the substantial losses sustained by the accounts under the circumstances herein was sufficient to place plaintiffs on notice of the potential fraud. Indeed, plaintiffs' brother commenced an arbitration proceeding in 1988 and an action in the New York State Supreme Court in 1989 alleging, *inter alia,* breach of fiduciary duty and misappropriation of assets. The brother's amended complaint clearly set forth a timely claim for fraud and certainly indicates that the fraud was discoverable within the statutory time frame with reasonable diligence. Further, Ghandour proffers no acceptable reason for the 8-year delay and acknowledges that he discovered the fraud as the result of his brother's lawsuit.

A cause of action sounding in breach of fiduciary duty may be governed by either a three-year or six-year limitations period, depending on the nature of the substantive relief sought by plaintiff *(Santulli v Englert, Reilly & McHugh,* 78 NY2d 700; *Loengard v Santa Fe Indus.,* 70 NY2d 262). In either case, the limitations period had run as the action was not commenced until approximately 8 years past the date that activity was terminated in the accounts and we find no reason to invoke the principles of estoppel in order to toll the limitations period. Concur—Murphy, P. J., Sullivan, Nardelli and Tom, JJ.