■ MARTIN JUMAN et al., Respondents-Appellants, v LOUISE WISE SERVICES, Appellant-Respondent. [678 NYS2d 611] —Order, Supreme Court, New York County (Beverly Cohen, J.), entered

August 21, 1997, which, in an action for "wrongful adoption", insofar as appealed from, denied defendant adoption agency's cross motion for summary judgment dismissing the complaint on the ground of the Statute of Limitations, dismissed with prejudice defendant's second affirmative defense of the Statute of Limitations, denied plaintiffs' motion for summary judgment on liability solely on the ground of the existence of an issue of fact as to reliance, and granted defendant's cross motion for partial summary judgment limiting recoverable compensatory damages to pecuniary losses, unanimously modified, on the law, to reinstate defendant's second affirmative defense of the Statute of Limitations, and to direct that the issues of the Statute of Limitations, materiality, scienter, and proximate cause be resolved at trial, and otherwise affirmed, without costs.

In this action for "wrongful adoption" commenced in July 1991, based on allegations that defendant fraudulently placed plaintiffs' adopted son with them in 1965 (*see*, 211 AD2d 446), issues of fact exist as to whether plaintiffs, prior to July 1989, possessed information from which they reasonably could have inferred that defendant had misrepresented the natural mother's mental condition at the time of the placement, so as to commence the running of the two-year discovery limitations period under CPLR 203 (g) (*see, Ghandour v Shearson Lehman Bros.*, 213 AD2d 304, 305-306, *lv denied* 86 NY2d 710); if plaintiffs did possess such information, whether defendant represented to plaintiffs, after sending their son's psychiatrist a letter in November 1985, stating that the natural mother had "a history of episodic depressions for which she was treated psychiatrically", that the information in such letter was no different from what plaintiffs had been told at the time of the placement 20 years earlier; and if defendant did make such representation, whether plaintiffs were induced thereby to refrain from filing a timely action such as would estop defendant from asserting the Statute of Limitations (*see, Simcuski v Saeli*, 44 NY2d 442, 448-449). Issues of fact also exist as to whether the misrepresented facts would have been viewed as material at the time of the placement and adoption, whether there is a proximate causal connection between such misrepresented facts and plaintiffs' alleged damages, and whether defendant acted with scienter.

We reject defendant's contention that it had no duty to disclose to plaintiffs at the time of the placement that, among other things, the prospective adoptee's natural mother had been diagnosed as a schizophrenic and had been confined to a

mental institution for much of her life. Defendant's partial disclosure of other information about the mother, assuming arguendo that all such disclosed information was literally true, created a false impression of the mother's medical and mental condition. Given plaintiffs' total dependency on defendant for the relevant facts, such a misleading partial disclosure, if the withheld facts are proven to have been material, would be actionable as fraud (*see, Junius Constr. Corp. v Cohen*, 257 NY 393, 400; *cf., Elghanian v Harvey*, 249 AD2d 206). Because a duty to disclose would have arisen from the misleading partial disclosure, it is unnecessary to reach the questions of whether defendant would have had an affirmative duty to disclose the mother's true condition if it had otherwise remained silent about her.

We agree with the motion court that, as in other fraud actions, compensatory damages in an action for wrongful adoption are limited to damages for pecuniary losses. We note that, in this respect, a wrongful adoption action is analogous to a wrongful life action (*see, Becker v Schwartz*, 46 NY2d 401, 413-415), in that in either case it is entirely speculative whether the emotional pain sustained by the parent in raising an impaired child outweighs the emotional benefits of the parent-child relationship.

The motion court's statement concerning the potential availability of punitive damages was not part of its order, so we have no occasion to address it. We also note that the record contains no evidence concerning the cause of the death of plaintiffs' adopted son subsequent to the commencement of this action, and the improper speculation by the court on the cause of death is of no legal effect. Concur—Ellerin, J. P., Williams, Mazzarelli and Andrias, JJ. *[See, 174 Misc 2d 49.]*