[689 NYS2d 721]

JEFFREY BB. et al., Individually and as Guardians of MICHELLE BB. and Others, Infants, Appellants, v CARDINAL McCLOSKEY SCHOOL AND HOME FOR CHILDREN et al., Respondents.

Third Department, May 6, 1999

---

**APPEARANCES OF COUNSEL**

*Harp & Harp,* New Paltz (*Wendell D. Harp* of counsel), for appellants.

*Traub, Eglin, Lieberman & Straus,* Hawthorne (*Lisa L. Shrewsberry* of counsel), for Cardinal McCloskey School and Home for Children, respondent.

*Cook, Tucker, Netter & Cloonan, P. C.,* Kingston (*Robert D. Cook* of counsel), for Tina Privitera, respondent.

## OPINION OF THE COURT

MERCURE, J.

Plaintiffs are the adoptive parents of Michelle BB., Rachel BB. and Christopher BB., three of six children who have been placed with plaintiffs by defendant Cardinal McCloskey School and Home for Children. Alleging that Michelle is "a child of molestation" and that she has sexually abused Rachel and Christopher, plaintiffs commenced this action against Cardinal McCloskey on October 22, 1996 to recover for its alleged fraudulent misrepresentation and intentional concealment of Michelle's prior sexual abuse and against defendant Tina Privitera, a clinical social worker who worked with plaintiffs at Cardinal McCloskey's behest, alleging her negligence in failing to warn plaintiffs of the danger Michelle posed to other children. Following joinder of issue and some discovery, defendants separately moved for summary judgment dismissing the complaint. Supreme Court granted both defendants' motions and dismissed the complaint upon the ground that plaintiffs had failed to make a sufficient evidentiary showing in support of their causes of action and also upon the ground that the action is barred by the Statute of Limitations. Plaintiffs appeal.

■ In our view, Supreme Court erred in dismissing the complaint against Cardinal McCloskey. The essential elements of a cause of action for fraud are (1) the defendant's misrepresentation or concealment of a material fact, (2) that such representation was false and known to be false, (3) the defendant's intention to deceive and induce the plaintiff to act upon such representation, (4) the plaintiff's reliance upon the representation, and (5) damages (*see, New York Univ. v Continental Ins. Co.,* 87 NY2d 308, 318; *Flora v Kingsbridge Homes,* 214 AD2d 834, 836; *see, Juman v Louise Wise Servs.,* 174 Misc 2d 49, 56, *mod* 254 AD2d 72).

Notably, plaintiffs presented deposition testimony of Cardinal McCloskey's Head of Administration in which she acknowledged that, during an earlier placement, Michelle was taken to a mental health clinic and the clinician made a finding that she had been sexually abused. That finding was reported to Cardinal McCloskey but not divulged to plaintiffs, despite the

specific questioning by plaintiff Eileen BB. as to whether there was anything else about Michelle (aside from the reported background of parental drug abuse, hitting and abandonment) that she should know. In addition, documents prepared in connection with plaintiffs' receipt of benefits under New York's adoption subsidy program disclosed a number of handicaps, including separation anxiety disorder and developmental language disorder, but made no mention that Michelle had been a victim of sexual abuse. Under the circumstances, we conclude that plaintiffs have raised genuine questions of fact concerning the concealment of Michelle's past sexual abuse, whether that abuse was material at the time of her placement and adoption, whether there was a causal connection between the concealed facts and plaintiffs' damages and whether Cardinal McCloskey acted with scienter (*see, Juman v Louise Wise Servs.*, 254 AD2d 72, 73, *supra*; *Reidy v Albany County Dept. of Social Servs.*, 193 AD2d 992, 993). Further, the fact that damages recoverable for fraud do not include emotional distress (*see, Juman v Louise Wise Servs.*, 174 Misc 2d 49, 57, *supra*) did not justify dismissal of the complaint against Cardinal McCloskey. Rather, there being some likelihood that plaintiffs may be able to establish some pecuniary injury at trial, the appropriate remedy is to award partial summary judgment limiting plaintiffs' recovery to the actual pecuniary losses sustained (*see, Juman v Louise Wise Servs.*, 254 AD2d 72, 74, *supra*; *Juman v Louise Wise Servs.*, 174 Misc 2d 49, 58, *supra*).

In our view, Supreme Court also erred in its determination that the action against Cardinal McCloskey was untimely commenced as a matter of law. An action based upon fraud must be commenced within six years from the time of the fraud (*see,* CPLR 213 [8]) or within two years from the time the fraud was, or with reasonable diligence could have been, discovered, whichever is longer (*see,* CPLR 203 [g]). Although it appears that plaintiffs did not commence the action within six years of the time of the fraud, the record supports a finding that plaintiffs first discovered or reasonably should have discovered the alleged fraud within two years preceding commencement of the action, or after October 22, 1994 (*see,* CPLR 203 [g]; *Juman v Louise Wise Servs.*, 174 Misc 2d 49, 54, *supra*).

" 'Under New York law the issue of when a plaintiff, acting with reasonable diligence, could have discovered an alleged fraud turns upon whether the plaintiff possessed knowledge of facts from which he [or she] could reasonably have inferred the

fraud' " (*K&E Trading & Shipping v Radmar Trading Corp.*, 174 AD2d 346, 347, quoting *Schmidt v McKay*, 555 F2d 30, 37), an inquiry that ordinarily presents a mixed question of law and fact (*see, Erbe v Lincoln Rochester Trust Co.*, 3 NY2d 321, 326; *K&E Trading & Shipping v Radmar Trading Corp.*, *supra*, at 347). Notably, in cases where it does not conclusively appear that plaintiffs had knowledge of facts from which the alleged fraud might reasonably be inferred, their cause of action should not be dismissed (*see, id.*) because "knowledge of the fraudulent act is required and mere suspicion will not constitute a sufficient substitute" for imputing a knowledge of the fraud (*Erbe v Lincoln Rochester Trust Co.*, *supra*, at 326; *see, K&E Trading & Shipping v Radmar Trading Corp.*, *supra*, at 347).

Based upon the record before us, it does not conclusively appear that plaintiffs were, prior to October 22, 1994, possessed of facts from which fraud could have been inferred. Although plaintiffs may have suspected that Michelle was sexually abused as far back as January 1989 and in fact revealed those suspicions to Privitera in 1993, Privitera could not confirm that Michelle had been sexually abused in the past and there does not appear to be any evidence, prior to October 22, 1994, indicating that Michelle was in fact sexually abused. As such, it cannot be said as a matter of law that plaintiffs were alerted to Cardinal McCloskey's concealment of Michelle's past sexual abuse before October 22, 1994, leaving a question of fact as to whether plaintiffs should have discovered with reasonable diligence the alleged fraud prior to that date (*see, K&E Trading & Shipping v Radmar Trading Corp.*, 174 AD2d 346, 348, *supra*).

■■ Finally, we conclude that the cause of action for punitive damages and all causes of action against Privitera were properly dismissed. In order to recover punitive damages, plaintiffs must demonstrate that the wrong complained of rose to a level of " 'such wanton dishonesty as to imply a criminal indifference to civil obligations' " (*Rocanova v Equitable Life Assur. Socy.*, 83 NY2d 603, 614, quoting *Walker v Sheldon*, 10 NY2d 401, 405). Based upon the evidence, there is no reasonable basis for a finding that Cardinal McCloskey's failure to disclose Michelle's past sexual abuse rose to such a level (*see, Rocanova v Equitable Life Assur. Socy.*, *supra*, at 614). As for Privitera, the record contains no evidence that she was aware that Michelle may have been the victim of any sexual abuse prior to her consultations with plaintiffs or that she conspired with Cardinal McCloskey to conceal such information. At most,

plaintiffs have shown that Privitera's professional judgment varied from that of the other therapist who treated Michelle, providing no basis for a malpractice or negligence cause of action.

MIKOLL, J. P., CREW III, YESAWICH JR. and PETERS, JJ., concur.

Ordered that the order is modified, on the law, with costs to plaintiffs against defendant Cardinal McCloskey School and Home for Children, by reversing so much thereof as granted the motion of defendant Cardinal McCloskey School and Home for Children for summary judgment dismissing the first four causes of action against said defendant to the extent that they seek pecuniary damages; said motion denied; and, as so modified, affirmed.