■  RONALD YATTER, Appellant, v WILLIAM MORRIS AGENCY, INC., Respondent. [702 NYS2d 243] —Order, Supreme Court, New York County (Charles Ramos, J.), entered on or about August 27, 1998, which *inter alia*, granted defendant's motion for summary judgment dismissing plaintiff's fraud claim as time barred, unanimously reversed, on the law, without costs, the motion denied, and the fraud claim reinstated.

A cause of action for fraud must be brought within six years from the time of the fraud or within two years from the time the fraud was, or with reasonable diligence could have been, discovered, whichever is longer (*see,* CPLR 213 [8]; 203 [g]; *Juman v Louise Wise Servs.*, 254 AD2d 72, 73; *Goldberg v Manufacturers Life Ins. Co.*, 242 AD2d 175, 180, *lv denied* 92 NY2d 1000; *Rostuca Holdings v Polo*, 231 AD2d 402, 403). Here, plaintiff commenced this action on or about May 8, 1995.

The fraud claim is based upon a letter from one of defendant's vice presidents dated May 11, 1989, which sets forth the terms of the stock repurchase agreement, the value of the stock and the payment schedule. Clearly, the action was instituted within the requisite six-year statutory period.

Contrary to the IAS Court's decision, there exists a question of fact as to whether plaintiff possessed knowledge of facts from which he could infer that a fraud had been perpetrated upon him (see, K&E Trading & Shipping v Radmar Trading Corp., 174 AD2d 346, 347). On plaintiff's prior appeal, we concluded that the cause of action for breach of fiduciary duty was not time barred because there was a question of fact as to whether plaintiff had knowledge of the alleged breach more than six years prior to commencement of the action (Yatter v William Morris Agency, 256 AD2d 260, 261). The same facts are involved for both the causes of action for fraud and breach of fiduciary duty, and the question of plaintiff's knowledge remains unresolved here. Therefore, at this juncture, summary judgment should have been denied. Concur—Lerner, J. P., Saxe, Buckley and Friedman, JJ.