■ In the Matter of the Arbitration between the CITY OF SCHENECTADY, Appellant, and SCHENECTADY POLICE BENEVOLENT ASSOCIATION, Respondent. [727 NYS2d 748] —Peters, J. Appeal from an order of the Supreme Court (Lynch, J.), entered October 13, 2000 in Schenectady County, which denied petitioner's application pursuant to CPLR 7503 to stay arbitration between the parties.

Respondent is the bargaining representative for all police officers employed by petitioner's police department. Petitioner and respondent are parties to a collective bargaining agreement (hereinafter the Agreement) that includes a grievance procedure for the resolution of disputes.

In May 2000, respondent filed a grievance and a demand for arbitration in protest over the action of petitioner's Chief of Police in unilaterally placing Police Officer Cheryl Flory on medical leave, effective April 10, 2000 to July 3, 2000, pursuant to the Family and Medical Leave Act of 1993 (29 USC § 2601 *et seq.* [hereinafter FMLA]).* Flory had been out on unlimited sick leave for more than a year. Respondent charged petitioner with violating the terms of the Agreement that provide respondent's members with unlimited sick leave that guarantee that there will be no reduction in employee benefits or any unilateral changes in past practices. It also charged petitioner with violating that portion of the Agreement requiring that all members be treated equally. In response, petitioner applied for a stay of arbitration on the ground that respondent's grievance was not arbitrable because its implementation of FMLA, a Federal statute, could not be considered a violation of the terms of the Agreement.

Supreme Court denied the stay, finding that the grievance

---

* FMLA entitles eligible employees to a total of 12 work weeks of leave time during any 12-month period for the family and medical reasons listed in 29 USC § 2612 (a) (1). Upon returning to work, the employee is to be restored to his or her previous position (29 USC § 2614 [a] [1]).

was arbitrable because it did not hinge on an interpretation of Federal law. Instead, it simply raised the issue of whether the Agreement's provisions for employee leave time had been violated by petitioner's unilateral imposition of the terms of FMLA on Flory's sick leave. This appeal by petitioner followed.

In general, grievances arising under public sector collective bargaining agreements are subject to arbitration where (1) the Taylor Law (Civil Service Law art 14) authorizes arbitration of the dispute, and (2) the parties have agreed in their collective bargaining agreement to submit such disputes to arbitration (*see, Matter of Board of Educ. [Watertown Educ. Assn.]*, 93 NY2d 132, 136-137; *Matter of City of Cohoes [Uniform Fire-fighters]*, 258 AD2d 24, 29, *affd* 94 NY2d 686).

Both of these prerequisites for arbitrability are satisfied in the instant matter. As to the first step of the inquiry, there is no dispute that the issue of employee leave time is a term or condition of employment (*see*, Civil Service Law § 201 [4]) that is subject to arbitration under the Taylor Law (*see, Matter of Lansingburgh Teachers Assn. [Hardwick]*, 85 AD2d 849, *lv denied* 56 NY2d 501). As to the second step, however, while we note respondent's contention that the parties did not agree to arbitrate matters pertaining to FMLA, the Agreement reflects that both petitioner and respondent did express their consent to arbitrate grievances regarding leave time, with "unresolved grievances * * * [to] be submitted to arbitration by either party."

For these reasons, Supreme Court's order denying petitioner's motion for a stay of arbitration is affirmed.

Mercure, J. P., Crew III, Carpinello and Rose, JJ., concur. Ordered that the order is affirmed, without costs.