■ SAPHIR INTERNATIONAL, SA, Appellant, v UBS PAINEWEBBER INC. et al., Respondents, et al., Defendant. [807 NYS2d 58]—

Order, Supreme Court, New York County (Karla Moskowitz, J.), entered June 10, 2004, which granted the separate motions of defendants UBS PaineWebber Inc., Rani Merkel, Alberto Muro and Leon Lipkin to dismiss the amended complaint against them as barred by the statute of limitations, unanimously reversed, on the law, with costs, the motions denied and the amended complaint reinstated.

An action alleging a cause of action for fraud must be commenced within six years from the time of the fraud or within two years from the time the fraud was discovered or, with reasonable diligence, could have been discovered (*see* CPLR 213 [8]; 203 [g]; *Miller v Polow*, 14 AD3d 368 [2005]; *Yatter v William Morris Agency*, 268 AD2d 335 [2000]). In New York, "the

issue of when a plaintiff, acting with reasonable diligence, could have discovered an alleged fraud turns upon whether the plaintiff possessed knowledge of facts from which he could reasonably have inferred the fraud; although a plaintiff may not shut his eyes to facts which call for investigation, mere suspicion will not suffice as a ground for imputing knowledge of the fraud" (*Schmidt v McKay*, 555 F2d 30, 37 [1977]; *accord K&E Trading & Shipping v Radmar Trading Corp.*, 174 AD2d 346, 347 [1991]).

This inquiry involves a mixed question of law and fact, and, where it does not conclusively appear that a plaintiff had knowledge of facts from which the alleged fraud might be reasonably inferred, the cause of action should not be disposed of summarily on statute of limitations grounds. Instead, the question is one for the trier-of-fact (*see Trepuk v Frank*, 44 NY2d 723 [1978]; *Erbe v Lincoln Rochester Trust Co.*, 3 NY2d 321, 326 [1957]). Indeed, "[w]hether a person had sufficient knowledge to discover a fraud necessarily involves a dispute over state of mind and conflicting interpretations of perceived events" (*K&E Trading,* 174 AD2d at 347).

The record fails to "disclose a sufficient basis for imputing a knowledge of the fraud" (*Erbe*, 3 NY2d at 326) on a date earlier than two years before plaintiff, a Panama investment company, commenced this action on October 7, 2002. Rather, issues abound regarding when and whether plaintiff's owner had sufficient information from which she could have reasonably inferred that respondents participated in defendant Marc Rousso's "pump and dump" stock fraud scheme in which plaintiff lost millions. Although respondents contend that plaintiff's owner should have discovered the fraud at the very latest by May 1997 when plaintiff lost almost all of its investments—made on Rousso's advice—and should have known that Rousso's representations regarding the investments were untrue, plaintiff's owner maintains that at the time she learned of the devastating losses, she filed a criminal complaint against Jacques Heyer—plaintiff's director and principal of plaintiff's portfolio manager Heyer Management, SA of Geneva, Switzerland—but had no information which would have put her on notice that respondents were also involved in the fraud. It was only in February 2002 that plaintiff's owner learned through her Swiss counsel that respondents had pleaded guilty in the United States to their involvement in a stock fraud scheme.

These competing factual contentions preclude summary resolution of the statute of limitations issue (*see Trepuk v Frank, supra*; *Lavin v Kaufman, Greenhut, Lebowitz & Forman*, 226

AD2d 107 [1996]; *K&E Trading, supra).* In addition, the motion court improperly resolved, summarily, other factual issues in respondents' favor. Illustrative, but not exhaustive, are the following questions: (1) whether the financial losses plaintiff suffered were enough to put plaintiff on notice of respondents' involvement in Rousso's fraudulent scheme; (2) whether plaintiff was aware of certain statements attributable to Rousso; (3) if so, whether plaintiff's owner should have known those statements were false; (4) if charged with such knowledge, whether those false statements should have put plaintiff's owner on notice that respondents were involved in Rousso's fraudulent scheme; (5) whether information plaintiff's owner possessed regarding Heyer's involvement in the scheme was sufficient to put plaintiff on notice of respondents' involvement; (6) whether Heyer was acting on plaintiff's behalf in such a way as to impute his knowledge to plaintiff; (7) when and whether Heyer abandoned plaintiff's interest; and (8) when and whether Heyer's actions became adverse to plaintiff's.

Accordingly, the court should have denied the respective motions (*cf. Ghandour v Shearson Lehman Bros.,* 213 AD2d 304, 305 [1995], *lv denied* 86 NY2d 710 [1995]).

We need not reach plaintiff's remaining contentions in light of our determination. Concur—Saxe, J.P., Marlow, Nardelli, Gonzalez and Sweeny, JJ.