■ STEPHAN LOEWENTHEIL et al., Appellants, v WHITE KNIGHT, LTD., Respondent. EDITH O'HARA, Third-Party Plaintiff-Respondent, v GORDON MILDE et al., Third-Party Defendants. [898 NYS2d 21]—

Order, Supreme Court, New York County (Barbara R. Kapnick, J.), entered October 9, 2009, which granted third-party plaintiff leave to file and serve an amended third-party complaint with a claim against plaintiffs, unanimously affirmed, with costs.

Leave to amend pleadings, which should be liberally granted, is a function of the trial court, and the discretionary grant of such relief will not be overturned on appeal "absent a showing that the facts supporting the amendment do not support the purported claim or claims" (*Peach Parking Corp. v 346 W. 40th St., LLC*, 42 AD3d 82, 86 [2007]). Supreme Court did not abuse its discretion by granting leave to amend for the purpose of asserting, in effect, a counterclaim that plaintiffs' election as officers of the corporate defendant was null and void under the terms of a 1983 cross purchase agreement. In a prior unappealed decision in 2008, the court rejected plaintiffs' argument, raised again in opposition to the motion for leave to amend, that the 1983 agreement was without force and effect. This established as law of the case that there is a triable issue of what rights third-party plaintiff may claim under the agreement (*see Moore v Washington*, 34 AD2d 903, 904 [1970]).

Nor did the court abuse its discretion by granting leave to amend in order to assert a claim against plaintiffs for breach of fiduciary duty, as there is evidence in the record to support the third-party plaintiff's allegation that having installed themselves as officers of the corporate defendant, plaintiffs acted contrary to the corporation's interests by bringing suit against it in their individual capacities and then allowing it to suffer a default judgment. Concur—Tom, J.P., Andrias, Sweeny, Nardelli and Renwick, JJ.