■ NORTHERN GROUP INC. et al., Appellants, v MERRILL LYNCH, PIERCE, FENNER & SMITH INCORPORATED et al., Respondents. [22 NYS3d 421]—

Judgment, Supreme Court, New York County (Saliann Scarpulla, J.), entered July 31, 2014, dismissing the complaint, unanimously affirmed, with costs. Appeal from order, same court and Justice, entered July 29, 2014, which granted defendants' motion for summary judgment, unanimously dismissed, without costs, as subsumed in the appeal from the judgment.

The record establishes that plaintiffs are unable to demonstrate the elements of a fraud cause of action in connection with their purchase from defendants of commercial mortgage-backed securities (CMBS) from May through July 2008, which allegedly resulted in a loss to plaintiffs of more than $24 million. Defendants' alleged misrepresentations are not actionable as fraud because they are "mere puffery, opinions of value or future expectations, rather than false statements of value" (*Sidamonidze v Kay*, 304 AD2d 415, 415 [1st Dept 2003] [internal citations omitted]; *see also DH Cattle Holdings Co. v Smith*, 195 AD2d 202, 208 [1st Dept 1994]). Nor could these sophisticated plaintiffs have reasonably relied on the alleged misrepresentations in this arm's-length transaction, since they admit that they never read the relevant prospectuses, which were filed with the Securities and Exchange Commission (SEC) and were publicly available through SEC's website, and from which plaintiffs could have ascertained the specific risks that they claim were not disclosed to them (*see HSH Nordbank AG v UBS AG*, 95 AD3d 185, 194-195 [1st Dept 2012]). The record shows that other information that plaintiffs claim was withheld from them either was in fact known by their chief investment officer or was ascertainable through other publicly available sources. Defendants had no special duty to disclose pursuant to the special facts doctrine, since the information was not peculiarly within their knowledge and was not such that it could not have been discovered by plaintiffs through the exercise of ordinary diligence (*see Jana L. v West 129th St. Realty Corp.*, 22 AD3d 274, 278 [1st Dept 2005]).

We have considered plaintiffs' remaining arguments and find them unavailing. Concur—Friedman, J.P., Sweeny, Saxe and Moskowitz, JJ.