■ EDWARD L. BERMAN et al., Appellants, v HOLLAND & KNIGHT, LLP, Respondent. [66 NYS3d 458]—

Order, Supreme Court, New York County (Saliann Scarpulla, J.), entered June 17, 2016, which granted defendant's motion to dismiss the complaint, unanimously modified, on the law, to deny the motion as to the first cause of action (actual fraud), and otherwise affirmed, without costs.

The court properly dismissed the second cause of action (constructive fraud) as time-barred. "[T]he two-year discovery provision [of CPLR 213 (8)] . . . does not apply to constructive fraud" (*Monaco v New York Univ. Med. Ctr.*, 213 AD2d 167, 168 [1st Dept 1995], *lv dismissed in part and denied in part* 86 NY2d 882 [1995]). The alleged fraud occurred, at the latest, on January 22, 2004, but plaintiffs did not sue until July 13, 2015.

The two-year discovery provision *does* apply to actual fraud (first cause of action). "[T]he issue of when a plaintiff, acting with reasonable diligence, could have discovered an alleged fraud . . . involves a mixed question of law and fact, and, where it does not conclusively appear that a plaintiff had knowledge of facts from which the alleged fraud might be reasonably inferred, the cause of action should not be disposed of summarily on statute of limitations grounds. Instead, the question is one for the trier-of-fact" (*Saphir Intl., SA v UBS PaineWebber Inc.*, 25 AD3d 315, 315-316 [1st Dept 2006] [internal quotation marks omitted]). One cannot say, as a matter of law, that the Internal Revenue Service's July 2007 deficiency notice, which mentioned only nonparty Derivium, placed plaintiffs on inquiry notice of defendant's alleged fraud (*see id.* at 316). Plaintiffs plausibly allege that, until defendant produced its file on January 8, 2015, in response to a motion to compel in Tax Court, they had no inkling of its purported fraud (*see CSAM Capital, Inc. v Lauder*, 67 AD3d 149, 157 [1st Dept 2009]). Unlike the subprime crisis in *Aozora Bank, Ltd. v Deutsche Bank Sec. Inc.* (137 AD3d 685 [1st Dept 2016] [cited by defendant]), Derivium's fraud was not common knowledge.

It is true that plaintiffs sued Derivium's clearing broker-dealers in March 2010 (*see Berman v Morgan Keegan & Co., Inc.*, 2011 WL 1002683, 2011 US Dist LEXIS 27867 [SD NY, Mar. 14, 2011, No. 10 Civ 5866 (PKC)], *affd* 455 Fed Appx 92 [2d Cir 2012]). However, plaintiffs would have had far more reason to suspect Derivium's brokers than their own attorneys. Plaintiffs were entitled to place "ultimate trust and confidence" in defendant, who represented them (*Johnson v Proskauer Rose LLP*, 129 AD3d 59, 72 [1st Dept 2015] [internal quotation marks omitted]).

Contrary to defendant's contention, the actual fraud claim is not a malpractice claim in disguise (*see id.* at 68-69).

The complaint adequately alleges scienter (*see Houbigant, Inc. v Deloitte & Touche*, 303 AD2d 92, 98 [1st Dept 2003]). Concur—Richter, J.P., Manzanet-Daniels, Andrias, Kern and Singh, JJ.