Norddeutsche Landesbank Girozentrale v Tilton (2019 NY Slip Op 08965)





Norddeutsche Landesbank Girozentrale v Tilton


2019 NY Slip Op 08965


Decided on December 17, 2019


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on December 17, 2019

Gische, J.P., Mazzarelli, Singh, Moulton, JJ.


10581 651695/15

[*1] Norddeutsche Landesbank Girozentrale, et al., Plaintiffs-Respondents,
v
Lynn Tilton, et al., Defendants-Appellants.


Gibson, Dunn & Crutcher LLP, New York (Randy M. Mastro of counsel), for appellants.
Berg & Androphy, New York (Michael M. Fay of counsel), for respondents.



Order, Supreme Court, New York County (Joel M. Cohen, J.), entered on or about August 20, 2019, which denied defendants' motion for summary judgment dismissing the complaint, unanimously affirmed, with costs.
Summary judgment is precluded by issues of fact as to whether plaintiffs' losses were proximately caused by defendants' alleged fraud (see Basis PAC-Rim Opportunity Fund [Master] v TCW Asset Mgt. Co., 149 AD3d 146, 149 [1st Dept 2017], lv denied 30 NY3d 903 [2017]).
Further, the facts do not present the rare circumstance in which the issue of reasonable reliance can be resolved at the summary judgment stage of a fraud case (see Global Mins. & Metals Corp. v Holme, 35 AD3d 93, 99 [1st Dept 2006], lv denied 8 NY3d 804 [2007]). It is true that "New York law imposes an affirmative duty on sophisticated investors to protect themselves from misrepresentations made during business acquisitions by investigating the details of the transactions and the business they are acquiring" (35 AD3d at 100) and that "when the party to whom a misrepresentation is made has hints of its falsity, a heightened degree of diligence is required of it" (id.). However, in a prior appeal in this case, this Court found that much of the information and disclosures that defendants contend triggered a duty of inquiry beyond the inquiry that plaintiffs undertook "can be interpreted in a myriad of ways and does not facially clash with plaintiffs' position that, even having some knowledge that the Funds had an equity component to them, they could not have known before the SEC proceeding the extent to which defendants used plaintiffs' investment to acquire and control the Portfolio Companies, or otherwise had an obligation, based on that evidence, to further investigate" (Norddeutsche Landesbank Girozentrale v Tilton, 149 AD3d 152, 161-162 [1st Dept 2017]). In the instant motion, defendants did not cite any evidence that surfaced thereafter in discovery that would warrant a different conclusion.
Similarly, the evidence adduced in discovery as to plaintiffs' knowledge that the Zohar Funds included equity interests in distressed companies does not eliminate issues of fact as to whether the information plaintiffs had was sufficient to place them on inquiry notice of the alleged fraud before May 2013, and therefore does not permit a conclusion as a matter of law that the fraud claim is barred by the statute of limitations (see Saphir Intl., SA v UBS PaineWebber Inc., 25 AD3d 315, 316 [1st Dept 2006]).
THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: DECEMBER 17, 2019
CLERK