DirectTV, LLC v Nexstar Broadcasting, Inc. (2021 NY Slip Op 06539)





DirectTV, LLC v Nexstar Broadcasting, Inc.


2021 NY Slip Op 06539


Decided on November 23, 2021


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: November 23, 2021

Before: Acosta, P.J., Gische, Singh, Scarpulla, Mendez, JJ. 


Index No. 653733/19 Appeal No. 14683 Case No. 2021-01218 

[*1]DirectTV, LLC, Plaintiff-Respondent,
v
Nexstar Broadcasting, Inc., Defendant-Appellant.


Lynn Pinker Hurst & Schwegmann, LLP, Dallas, TX (David Coale of the bar of the State of Texas, admitted pro hac vice, of counsel), for appellant.
Haynes & Boone LLP, New York (Jonathan D. Pressment of counsel), for respondent.



Order, Supreme Court, New York County (Andrea Masley, J.), entered on or about March 9, 2021, which granted plaintiff's motion for leave to amend its complaint, unanimously affirmed, without costs.
It was not an improvident exercise of the court's discretion to grant the motion (see e.g. Loewentheil v White Knight, Ltd., 71 AD3d 581 [1st Dept 2010]), as the proposed new claim was neither "palpably improper [n]or insufficient as a matter of law" (McGhee v Odell, 96 AD3d 449, 450 [1st Dept 2012] [internal quotation marks omitted]).
The fraud claim is not duplicative of the contract claim; the instant action is not a mere "insincere promise" case (cf. RKA Film Fin., LLC v Kavanaugh, 171 AD3d 678, 679 [1st Dept 2019]). Instead, plaintiff relies on the theory of a misleading partial disclosure, alleging that it would not have entered into this contract if it knew of the true facts (see e.g. Basis Yield Alpha Fund [Master] v Goldman Sachs Group, Inc., 115 AD3d 128, 135 [1st Dept 2014]). The damages sought by the two causes of action are different; the fraud claim seeks more than the contract claim (see Ambac Assur. Corp. v Countrywide Home Loans Inc., 179 AD3d 518, 520 [1st Dept 2020]).
Defendant's contention that plaintiff's fraud claim is "palpably insufficient as a matter of law" (Meiterman v Corporate Habitat, 173 AD3d 593, 594 [1st Dept 2019]) because it fails to allege facts showing a misrepresentation of a present fact is unavailing. A fraud claim can be based on "a misrepresentation or a material omission of fact" (Ambac Assur. Corp. v Countrywide Home Loans, Inc., 31 NY3d 569, 578 [2018] [internal quotation marks omitted]). A misleading partial disclosure can be actionable as fraud (see e.g. Juman v Louise Wise Servs., 254 AD2d 72, 74 [1st Dept 1998]).
Defendant's argument that the amended complaint does not allege facts to support justifiable reliance (because plaintiff failed to conduct due diligence) is also unavailing. The pleading alleges, "WHAG's impending loss of its NBC affiliation was not publicly disclosed or otherwise available to" plaintiff. It also alleges that defendant "even concealed the looming loss of WHAG's NBC affiliation from WHAG's own staff." This is not a case where plaintiff could have ascertained the specific risk that it claims
was not disclosed to it by reading publicly filed documents (cf. Northern Group Inc. v Merrill Lynch, Pierce, Fenner & Smith Inc., 135 AD3d 414, 422 [1st Dept 2016]).
We have considered defendant's other arguments and find them unavailing.THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: November 23, 2021