■ ROSTUCA HOLDINGS, LTD., Appellant, v ROSA S. POLO, Also Known as ROSA F. POLO and ROSA FRANCO, Respondent. [646 NYS2d 812] —Judgment, Supreme Court, New York County (Beatrice Shainswit, J.), entered May 12, 1995, dismissing the complaint, and bringing up for review an order, same court and Justice, entered May 3, 1995, which, *inter alia*, granted defendant's motion to dismiss the fraud cause of action as time-barred, unanimously reversed, on the law, without costs, defendant's motion denied, and the complaint reinstated.

Plaintiff brought this action against defendant premised upon allegations that she was an aider and abettor of a fraudulent investment scheme perpetrated by her former husband. The timeliness of the action is at issue on appeal. The applicable Statute of Limitations (CPLR 203 [g]; 213 [8]) requires that an action for fraud be commenced within six years from the commission of the wrongful act, or within two years from the time the fraud was discovered, or with reasonable diligence should have been discovered, whichever period is longer.

Since Mrs. Polo allegedly rendered substantial assistance in furtherance of her then husband's fraud on April 7, 1988, by sending 22 cases of valuable art and furnishings, acquired by Polo with the investment funds, to "Rosa Franco" in Paris, France, this suit, which was brought within six years, was timely commenced (CPLR 213 [8]; *see, Varnberg v Minnick*, 760 F Supp 315, 330 [aiding and abetting requires substantial assistance in accomplishing the underlying violations]). In addition, since Rostuca first obtained evidence of Mrs. Polo's alleged participation in the fraud in September 1993, when Polo disclosed to a Swiss Magistrate, conducting a criminal interrogation, information indicating that Mrs. Polo had secreted certain assets to avoid creditors, this action was also timely brought within two years of this discovery, as permitted by CPLR 203 (g).

Defendant's citation of *Rutland House Assocs. v Danoff* (37 AD2d 828) does not require a contrary result. Unlike the facts of that case, here, Mrs. Polo's mere status as a director of her husband's investment company did not create liability on her part for aiding and abetting a fraud. Rostuca's knowledge of that directorship in 1987 does not bar the present action as untimely. Concur—Milonas, J. P. Rosenberger, Ross and Tom, JJ.