■ ERIC A. KLEIN, Appellant, v ARBOR NATIONAL MORTGAGE, INC., Defendant, and BREVARD OWNERS, INC., Respondent. [671 NYS2d 213] —Order, Supreme Court, New York County (Ira Gammerman, J.), entered January 9, 1997, which, to the extent appealed from as limited by plaintiff's brief, dismissed the complaint as against defendant-respondent, unanimously affirmed, with costs.

Plaintiff's cause of action for fraud against defendant-respondent Brevard was time barred, having been brought more than six years from the date the fraud was allegedly committed, and more than two years from the date of discovery by plaintiff of the alleged fraud (*see, e.g., Rostuca Holdings v Polo*, 231 AD2d 402, 403). Also properly dismissed was plaintiff's cause of action against Brevard for conversion since Brevard never purported to take title to plaintiff's cooperative shares

and lease (*see, Allen v Murray House Owners Corp.*, 174 AD2d 400, *lv denied* 78 NY2d 860), but merely transferred the subject shares and proprietary lease to a subsequent purchaser pursuant to UCC 9-504 (4). Nor, contrary to plaintiff's argument, is defendant Brevard's retention as a party in this action necessary to afford plaintiff relief in the event that plaintiff prevails upon his claims against defendant Arbor National Mortgage, Inc., the holder of the mortgage upon plaintiff's former apartment and purchaser of the apartment in foreclosure. Defendant Brevard has conceded, that if the foreclosure and subsequent purchase by defendant Arbor are ultimately found to have been improper, it will be required to reissue the stock certificate and proprietary lease in plaintiff's name. Concur—Sullivan, J. P., Milonas, Rosenberger and Andrias, JJ.