■ GERALD CHAMBERS et al., Respondents, v ELIYAHU WEINSTEIN et al., Defendants, and 121 PARK REALTY LLC et al., Appellants. [21 NYS3d 892]—

Order, Supreme Court, New York County (O. Peter Sherwood, J.), entered August 22, 2014, which, to the extent appealed from as limited by the briefs, denied defendants-appellants' (defendants) motion to dismiss the aiding and abetting fraud claims against them, unanimously affirmed, without costs.

To state a claim for aiding and abetting fraud, a plaintiff must allege "the existence of the underlying fraud, actual knowledge, and substantial assistance" (*Oster v Kirschner*, 77 AD3d 51, 55 [1st Dept 2010]). Here, the existence of an underlying fraud is sufficiently stated in the complaint, which alleges, among other things, that defendants aided and abetted a

fraudulent Ponzi scheme involving the purchase of Facebook shares (*id.*). Plaintiffs have sufficiently stated "substantial assistance," because the complaint alleges that defendants assisted in the fraud by assigning property to codefendants and by placing the proceeds of the fraud beyond the reach of plaintiffs, thereby causing plaintiffs harm (*see e.g. Rostuca Holdings v Polo*, 231 AD2d 402, 403 [1st Dept 1996]; *see generally Stanfield Offshore Leveraged Assets, Ltd. v Metropolitan Life Ins. Co.*, 64 AD3d 472, 476 [2009], *lv denied* 13 NY3d 709 [2009]). Plaintiffs have sufficiently pleaded "actual knowledge" of the underlying fraud, which "need only be pleaded generally" (*Oster*, 77 AD3d at 55).

The documentary evidence submitted to the motion court does not "flatly contradict[ ]" the allegations of the complaint (*Scott v Bell Atl. Corp.*, 282 AD2d 180, 183 [1st Dept 2001], *mod on other grounds* 98 NY2d 314 [2002]).

We have considered defendants' remaining contentions and find them unavailing. Concur—Tom, J.P., Mazzarelli, Richter and Gische, JJ.