■ DAVID LANDES et al., Respondents, v PROVIDENT REALTY PARTNERS II, L.P., et al., Defendants, and PRP II CORP. et al., Appellants. [27 NYS3d 853]—

Order, Supreme Court, New York County (Anil C. Singh, J.), entered December 4, 2015, which, to the extent appealed from as limited by the briefs, denied defendants PRP II Corp., BRG Gramercy Units LLC, and Daniel Benedict's motion to dismiss the complaint pursuant to CPLR 3211, unanimously affirmed, with costs.

Given that defendants had the full opportunity to raise their current CPLR 3211 (a) arguments on their original CPLR 3211 (a) motion to dismiss, the IAS court correctly denied the motion as violative of the "single motion rule" of CPLR 3211 (e) (*Barbarito v Zahavi*, 107 AD3d 416, 420 [1st Dept 2013]).

Were we to reach the merits, we would also find that the motion was properly denied. On a motion to dismiss based on documentary evidence, defendants had to show that the documents, here the agreements, dispositively refuted plaintiffs' allegations, as a matter of law (*Goshen v Mutual Life Ins. Co. of N.Y.*, 98 NY2d 314, 326 [2002]). It is true that the parties were free to limit their duties, including fiduciary duties to one another (*see Bailey v Fish & Neave*, 8 NY3d 523, 529 [2007]). Here, however, defendants failed to show that PRP's exercise of Provident's right to consent or veto any sale of the Imico interest for its own benefit was expressly permitted by the limited partnership agreement (*see Renz v Beeman*, 589 F2d 735, 745 [2d Cir 1978], *cert denied* 444 US 834 [1979]). Nor is there any question that the purchase of the Imico interest was a corporate opportunity, given the relationship of the parties and Provident's control over any sale of that interest (*see Lee v Manchester Real Estate & Constr., LLC*, 118 AD3d 627 [1st Dept 2014]). Concur—Mazzarelli, J.P., Renwick, Moskowitz, Kapnick and Kahn, JJ.