Best v Guthrie Med. Group, P.C. (2019 NY Slip Op 06320)





Best v Guthrie Med. Group, P.C.


2019 NY Slip Op 06320


Decided on August 22, 2019


Appellate Division, Fourth Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on August 22, 2019
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: SMITH, J.P., CARNI, DEJOSEPH, TROUTMAN, AND WINSLOW, JJ.


662 CA 19-00101

[*1]JODY C. BEST, INDIVIDUALLY, AND AS THE ADMINISTRATOR OF THE ESTATE OF DONALD L. BEST, ALSO KNOWN AS DONNIE L. BEST, DECEASED, PLAINTIFF-APPELLANT,
v
GUTHRIE MEDICAL GROUP, P.C., ET AL., DEFENDANTS, GUTHRIE ROBERT PACKER HOSPITAL, SILVIU MARICA, M.D., AHMED ABDELBAKI, M.D., ALEXANDER JOHNSTON, M.D., AND DAVID BERTSCH, M.D., DEFENDANTS-RESPONDENTS. 






WELCH, DONLON & CZARPLES PLLC, CORNING (ANNA CZARPLES OF COUNSEL), FOR PLAINTIFF-APPELLANT.
SMITH, SOVIK, KENDRICK & SUGNET, P.C., SYRACUSE (KAREN G. FELTER OF COUNSEL), FOR DEFENDANTS-RESPONDENTS. 


 Appeal from an order of the Supreme Court, Steuben County (Peter C. Bradstreet, A.J.), entered July 6, 2018. The order, among other things, granted in part the motion of defendants for summary judgment. 
It is hereby ORDERED that the order so appealed from is unanimously modified on the law by denying that part of the motion seeking summary judgment dismissing the complaint against defendant Guthrie Robert Packer Hospital and reinstating the complaint against that defendant, and as modified the order is affirmed without costs.
Memorandum: Plaintiff, individually and as the administrator of the estate of Donald L. Best (decedent), commenced this medical malpractice and wrongful death action seeking damages for the alleged negligent treatment provided to the decedent at defendant Guthrie Robert Packer Hospital (hospital), a facility located in Sayre, Pennsylvania, by Silviu Marica, M.D., Ahmed Abdelbaki, M.D., Alexander Johnston, M.D., and David Bertsch, M.D. (individual defendants). On defendants' motion for summary judgment pursuant to CPLR 3212, Supreme Court dismissed the complaint against the hospital and the individual defendants (collectively, defendants) on the ground of lack of personal jurisdiction.
As an initial matter, we reject plaintiff's contention that the court should have decided the motion under the standard applicable to motions brought under CPLR 3211 (a). The court applied the correct standard to the motion, which was brought after service of the answers (see CPLR 3211 [e]; 3212 [a]; see generally Williams v Beemiller, Inc., 159 AD3d 148, 152 [4th Dept 2018], affd — NY3d &mdash, 2019 NY Slip Op 03656 [2019]).
Contrary to plaintiff's further contention, the hospital did not consent to the general jurisdiction of New York courts by registering as a foreign corporation with the New York State Department of State (see Aybar v Aybar, 169 AD3d 137, 147-152 [2d Dept 2019], lv dismissed 33 NY3d 1044 [2019]; Wilderness USA, Inc. v DeAngelo Bros. LLC, 265 F Supp 3d 301, 312-314 [WD NY 2017]). We likewise reject plaintiff's contention that defendants Marica and Bertsch consented to New York personal jurisdiction solely based on their becoming licensed to practice medicine in New York (see generally Ingraham v Carroll, 90 NY2d 592, 600 [1997]; Chambers v Weinstein, 44 Misc 3d 1224[A], 2014 NY Slip Op 51331[U], *12 [Sup Ct, NY County 2014], affd 135 AD3d 450 [1st Dept 2016]).
We also reject plaintiff's contention that defendants waived an objection to personal jurisdiction when general counsel for The Guthrie Clinic, the parent company of the hospital, agreed to accept service of the complaint on behalf of certain defendants. The acceptance of service, standing alone, does not constitute an appearance or otherwise waive an objection to personal jurisdiction where, as here, counsel agrees to accept service as a courtesy without taking any additional action that could be construed as either a formal or informal appearance (cf. HSBC Bank USA, N.A. v Taub, 170 AD3d 1128, 1130 [2d Dept 2019]). Further, defendants preserved their objection to personal jurisdiction by raising that objection in their answers without having previously made a motion to dismiss on a ground set forth in CPLR 3211 (a) (see CPLR 3211 [e]).
We agree with plaintiff, however, that the court erred in granting the motion insofar as it sought summary judgment dismissing the complaint against the hospital without first granting jurisdictional discovery. We therefore modify the order accordingly. Although defendants met their initial burden on the motion (see generally Williams, 159 AD3d at 152), plaintiff made a "sufficient start" in establishing personal jurisdiction over the hospital pursuant to CPLR 301 and 302 (a) (1) to be entitled to disclosure pursuant to CPLR 3212 (f) (cf. Robins v Procure Treatment Ctrs., Inc., 157 AD3d 606, 607 [1st Dept 2018]; Williams v Beemiller, Inc., 100 AD3d 143, 152-153 [4th Dept 2012]). The record "is not clear whether [the hospital's] affiliations with the State [of New York] are so continuous and systematic as to render [it] essentially at home in the . . . State' " as required for general jurisdiction (Robins, 157 AD3d at 607, quoting Daimler AG v Bauman, 571 US 117, 139 [2014]; see CPLR 301) or whether its activities in New York are " purposeful and [whether] there is a substantial relationship between the transaction and the claim asserted' " as required for long-arm jurisdiction (Deutsche Bank Sec., Inc. v Montana Bd. of Invs., 7 NY3d 65, 71 [2006], cert denied 549 US 1095 [2006]; see CPLR 302 [a] [1]). However, the record contains evidence that the hospital advertises to prospective New York patients and has at least some relationship with New York providers, New York insurers, and defendant Guthrie Medical Group, P.C., which owns New York offices. The record also contains evidence that the hospital derives substantial revenue from New York residents. Based on that initial showing, we conclude that plaintiff has made a "sufficient start" by establishing that facts "may exist to exercise personal jurisdiction" over the hospital, warranting jurisdictional discovery (see Williams, 100 AD3d at 153).
We reject plaintiff's contention, however, that the court erred in granting the motion insofar as it sought summary judgment dismissing the complaint against the individual defendants without first granting jurisdictional discovery. The individual defendants are not subject to general jurisdiction under CPLR 301 because none of them are domiciled in New York, and there is no evidence that the individual defendants made sufficient contact with New York in their individual capacities (see Laufer v Ostrow, 55 NY2d 305, 313 [1982]; IMAX Corp. v Essel Group, 154 AD3d 464, 465-466 [1st Dept 2017]). Regarding long-arm jurisdiction under CPLR 302 (a) (1), assuming, arguendo, that the individual defendants purposefully availed themselves of the privilege of conducting activity in New York, we conclude that there is no evidence that there was a " substantial relationship' " between that alleged activity and " the claim asserted' " by plaintiff (Deutsche Bank Sec., Inc., 7 NY3d at 71). Under these circumstances, plaintiff failed to make a nonfrivolous showing that facts may exist to exercise personal jurisdiction over the individual defendants, and thus further discovery as to them was not warranted (see Glazer v Socata, S.A.S., 170 AD3d 1685, 1687 [4th Dept 2019]).
Entered: August 22, 2019
Mark W. Bennett
Clerk of the Court