Arbor Asset Mgt., LLC v Singh (2020 NY Slip Op 07486)





Arbor Asset Mgt., LLC v Singh


2020 NY Slip Op 07486


Decided on December 15, 2020


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: December 15, 2020

Before: Renwick, J.P., Gische, González, Scarpulla, Mendez, JJ. 


Index No. 654336/16 Appeal No. 12630 Case No. 2020-01336 

[*1]Arbor Asset Management, LLC, et al., Plaintiffs-Respondents,
v
Hari Singh et al., Defendants-Appellants. [and a Third-Party Action]


Tyson & Mendes, LLP, New York (Robert Modica of counsel), for Court Wing, appellant.
Winget, Spadafora & Schwartzberg, LLP, New York (Dianna D. McCarthy of counsel), for Hari Singh, Crossfit NYC Holdings, LLC and Crossfit NYC, LLC, appellants.
The Stolper Group, LLP, New York (Michael Stolper of counsel), for respondents.



Order, Supreme Court, New York County (Jennifer G. Schecter, J.), entered on or about December 13, 2019, which, to the extent appealed from as limited by the briefs, denied defendants' motions for summary judgment dismissing the causes of action for aiding and abetting fraud on or after August 22, 2012, and for breach of contract, unanimously affirmed, with costs.
Defendants contend that the motion court erred in ignoring their statement of material fact and that, pursuant to 22 NYCRR 202.70(g) (Commercial Division Rule 19-a[c]), any evidentiary matter in the statement not specifically controverted should have been deemed admitted. However, Justice Schecter's rules provide that only a joint Rule 19-a statement agreed upon by the parties will be considered (Practices for Part 54, Summary-Judgment Motions, Rule No. 58). Thus, in ruling on defendants' motion, the court followed its own published rule in declining to consider either side's statement of material fact. Contrary to defendants' contention that the court failed to consider any of the evidence submitted on the motion, the court reviewed the evidence supporting the statements of material fact, such as deposition transcripts and emails.
Defendants argue that they were not parties to the contracts alleged to have been breached. However, the issue is whether they cloaked third-party defendant Joshua Newman with apparent authority to enter into those contracts on the CrossFit defendants' (CrossFit) behalf. The motion court correctly found issues of fact as to Newman's apparent authority (e.g. Fogel v Hertz Intl., 141 AD2d 375, 376-377 [1st Dept 1998]). Defendants contend that an October 2012 email exchange between Newman and CrossFit's tax accountant that was forwarded to plaintiff Brett Rubinson, a potential investor, placed Rubinson on notice that Newman had no authority to enter into the subject contracts. However, the emails say only that the accountant cannot send Rubinson documents without the consent of all defendants. They do not address Newman's authority to solicit investments.
Defendants contend that the copy of CrossFit's operating agreement that Newman provided to plaintiffs did not create apparent authority in Newman because it was falsified. However, they failed to show that plaintiffs had cause to question this or any other document they received from Newman; they refer only vaguely to unspecified typographical and drafting errors.
With respect to defendants' role in maintaining Newman's apparent authority to enter into contracts on CrossFit's behalf, there is also evidence that defendants made an affirmative decision not to employ the most stringent means available, as recommended by CrossFit's counsel, to insure that Newman would defraud no more investors. This decision is revealed both in an email, dated September 17, 2012, from CrossFit's counsel to defendants Singh and Wing, among others, and in defendants' own description of the steps they took upon learning about Newman's [*2]fraudulent conduct against nonparty Martin Rawls-Meehan.
Having failed to demonstrate as a matter of law that plaintiffs knew or should have known that Newman might not have been authorized to offer investors membership interests in CrossFit, defendants thus failed to demonstrate as a matter of law that any individual plaintiff had a duty to inquire into Newman's authority (see e.g. Arol Dev. Corp. v Whitman & Ransom, 215 AD2d 145 [1st Dept 1995]). The record shows that Newman, who was known to many if not all plaintiffs directly or indirectly through college or other close circles, presented himself as if he had the requisite authority to solicit investments in CrossFit, including by furnishing them with corporate and tax documents.
Defendants failed to demonstrate as a matter of law that Singh and Wing did not aid and abet Newman's fraud (see Chambers v Weinstein, 135 AD3d 450 [1st Dept 2016]). Given the circumstances surrounding Newman's conduct towards Rawls-Meehan, issues of fact exist as to Singh and Wing's actual knowledge of the fraud. In addition, their affirmative decision to keep Newman actively involved in CrossFit despite counsel's clearly expressed concerns about their doing so presents an issue of fact as to whether they substantially assisted Newman in his fraud by not barring him from company affairs altogether, as they had been advised to do.
We have considered defendants' remaining arguments and find them unavailing.
THIS CONSTITUTES THE DECISION AND ORDER OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: December 15, 2020