Simon v FrancInvest, S.A. (2021 NY Slip Op 01733)





Simon v FrancInvest, S.A.


2021 NY Slip Op 01733


Decided on March 23, 2021


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: March 23, 2021

Before: Gische, J.P., Mazzarelli, González, Mendez, JJ. 


Index No. 162867/14 Appeal No. 13244-13245A Case No. 2020-01665 

[*1]Jean-Pascal Simon, Plaintiff-Respondent-Appellant,
v
FrancInvest, S.A., et al., Nominal Defendants, French-American Surgery Center, Inc., et al., Defendants-Appellants-Respondents, Fifth Avenue Surgery Center, LLC, et al., Defendants George Kessler et al., Defendants-Respondents.


Lebow & Sokolow LLP, New York (Mark D. Lebow of counsel), for appellants-respondents.
Law Office of Nancy J. Volin, New York (Nancy J. Volin of counsel), for respondent-appellant.
William W. Siegel, New York, for respondents.



Order, Supreme Court, New York County (Saliann Scarpulla, J.), entered November 14, 2019, which granted the motions of defendants French-American Surgery Center, Inc. (FASC), French American Clinic, Inc. (FAC), Jean-FranÇois Simon (FranÇois), George Kessler, and Lynn Rosenberg to dismiss the claims against them in the third amended complaint (TAC) pursuant to CPLR 3211, and denied plaintiff's cross motion for partial summary judgment, unanimously affirmed, with costs. Order, same court and Justice, entered April 13, 2020, which, insofar as appealed from as limited by the briefs, denied plaintiff's motion to renew, unanimously modified, on the law and the facts and in the exercise of discretion, to grant so much of the motion as was based on our December 2019 decision in a prior appeal (Simon v FrancInvest, S.A., 178 AD3d 436 [1st Dept 2019]) and, upon renewal, to deny Kessler's motion to dismiss the eleventh cause of action (the double derivative claim for aiding and abetting fraud), and otherwise affirmed, without costs.
This appeal concerns plaintiff's Third Amended Complaint (TAC). FASC, FAC, and FranÇois (collectively defendants-appellants) contend that the derivative claims — asserted on behalf of nominal defendant FrancInvest, S.A. — and double derivative claims — asserted on behalf of nominal defendant JJS Group, Inc. — are barred by French law (eighth, tenth, twelfth, fifteenth and eighteenth causes of action). They further contend that the fourth and fifth causes of action are barred by the applicable statute of limitations.
Preliminarily, plaintiff argues that both motions are barred by the single motion rule, because defendants-appellants brought an identical motion to dismiss his second amended complaint (SAC) in which he asserted identical causes of action, except for the newly asserted eighteenth cause of action in the TAC. CPLR 3211(e) provides in pertinent part: "At any time before service of the responsive pleading is required, a party may move on one or more of the grounds set forth in subdivision (a), and no more than one such motion shall be permitted." While a second motion to dismiss may be permitted where the movant takes its cue from the court's earlier decision to supply evidence that was found lacking on the first motion (see Ultramar Energy v Chase Manhattan Bank, 191 AD2d 86, 88 [1st Dept 1993]). Applying these principles, we hold that the arguments relating to the application of the statute of limitations are barred by the single motion rule (see Landes v Provident Realty Partners II, L.P., 137 AD3d 694 [1st Dept 2016]). Defendants-appellants previously moved to dismiss the fourth and fifth causes of action in the SAC, which are the exact same fourth and fifth causes of action asserted in the TAC. This is a violation of the single motion rule. In any event, we conclude that plaintiff's claims are not time-barred. While the parties disagree on when the closing of the sale of the surgical center took place (whether it [*2]was in 2010 or 2011), they do not dispute that the cause of action accrued on the date of the closing. Contrary to defendants' assertion that the applicable statute of limitations is three years, the statute for unjust enrichment is six years (see e.g. Sirico v F.G.G. Prods., Inc., 71 AD3d 429, 434 [1st Dept 2010]). So are the statutes of limitations for quantum meruit (Demian v Calmenson, 156 AD3d 422, 423 [1st Dept 2017]) and a constructive trust (Kaufman v Cohen, 307 AD2d 113, 127 [1st Dept 2003]). Thus, no matter which accrual date is applied, this action is timely because it was commenced in December 2014.
Defendants-appellants' motion for dismissal based upon taking judicial notice of French law, however, is not strictly barred by the single motion rule when considered in conjunction with CPLR 4511(b). CPLR 4511(b) requires that courts "shall" take such notice only if "a party requests it, furnishes the court sufficient information to enable it to comply with the request, and has given each adverse party notice of his intention to request it" In denying the prior motion to dismiss the SAC, Supreme Court stated that although FranÇois argued for dismissal of plaintiff's double derivative claims on the basis that there is no precedent under French law for such claims against a French corporation, he failed to present any caselaw or statute to support this contention or show that there was a conflict between the laws of France and New York (Simon v French-American Surgery Ctr., Inc., Sup Ct, NY County, Sept. 4, 2018, Scarpulla J., Index No. 162867/18). In their present motion, defendants-appellants sought to provide Supreme Court with the missing authority on the substance of French Law identified by the court in its denial of the prior motion. Because CPLR 4511(b) provides that such a motion may be made at any point "prior to the presentation of any evidence at the trial" this Court may consider whether defendants-appellants have now provided sufficient information to permit judicial notice of French law concerning derivative and double derivative actions (see Edwards v Erie Coach Lines Co., 17 NY3d 306, 328 [2011]).
"In considering whether a matter of law should be judicially noticed. . . , the court may consider any testimony, document, information or argument on the subject, whether offered by a party or discovered through its own research" (CPLR 4511[d]). Expert affidavits are helpful and may be necessary for a party to establish the law of a foreign jurisdiction to the satisfaction of the court, if the documents provided are inconclusive to support judicial notice (see e.g. JPMorgan Chase Bank, N.A. v Motorola, Inc., 47 AD3d 293, 305 [1st Dept 2007]). In support of their motion to dismiss, defendants-appellants submitted an affidavit by FranÇois that all French derivative suits must be pleaded against the parent company's chief executive officer and/or all their directors, but that he was the only director named as a defendant in this action[*3]. He points out that neither the CEO of FrancInvest or the CEO of JJS is named as a defendant. Defendants-appellants also provided a one-page article in English by a French law firm, quoting article L 225-252 of the French Commercial Code as stating that "shareholders may bring an action for damages against directors or the Chief Executive Officer, to pursue the reparation of the . . . injury suffered by the company." A 2004 decision from the Court of Appeal of Lyon is also provided. The French court found the derivative action was "inadmissible" because Bernard Z, the suing party, a partner of SNIG Managers, "did not have the capacity to act under the action 'ut singuli' (derivative action or claim)," because he was not a shareholder of SNIG Group. For that reason, the court concluded that the CEO of SNIG Group could not be charged with "an alleged fault . . . in the performance of his duties as Chairman of the Board of Directors of Group SNIG" Although defendants-appellants also ask this Court to take judicial notice of attorney affidavits that they subsequently filed with Supreme Court, we decline to do so. They "are dehors the certified record on appeal, and may not be considered in evaluating the merits of this appeal" to determine whether the motion court correctly decided the issue (Knolls Co-op. Section No. 2, Inc. v Evans Dev. Corp., 169 AD2d 690 [1st Dept 1991]).
In opposition, plaintiff denies that his mother, the CEO of FrancInvest, must be named as a defendant. He also points out that article L.225-252 of the French Commercial Code specifically allows for shareholder derivative actions (action sociale ut singuli) and that such actions may be brought against the directors "or" the executive manager (directeur general) of the company. Thus, not all the directors have to be sued, as defendants-appellants contend. Plaintiff also provided a certified translation of a 2001 case decided by the Court of Cassation, the highest French court (Daniele X, Appeal No. 00-80406), while the Bernard Z case provided by defendants-appellants is from an intermediate appellate court. Plaintiff contends that the Daniele X case supports his claim that double derivative actions are not prohibited under French law and that a shareholder of a parent company may bring a derivative suit against a subsidiary's director. Our reading of the case, however, does not compel a clear conclusion of law on the parties' disputed issues.
Defendants-appellants also rely on the actual language of the French Commercial Code itself, inferring that because the Code does not expressly provide for double derivatives, they are not allowed. This does not constitute sufficient information to take judicial notice of French law the code does not state the opposite, which is that they are not allowed. We also reject defendants-appellants' further argument, raised for the first time in their reply brief, that plaintiff already litigated this matter in a French court and lost. An [*4]argument raised for the first time in reply — when the other party has no chance to respond — should not be considered (see e.g. Shia v McFarlane, 46 AD3d 320, 321 [1st Dept 2007]). Furthermore, plaintiff submitted an affidavit stating that the French case was mistakenly brought in the wrong venue and was dismissed for that reason, not on the merits.
We find that Supreme Court correctly ruled that it was not provided with sufficient information to determine the substance of applicable French Law (see e.g. MBI Intl. Holdings Inc. v Barclays Bank PLC, 151 AD3d 108, 116 [1st Dept 2017], lv denied 29 NY3d 919 [2017]). Not only did defendants-appellants fail to establish that derivative and double derivative claims are barred under French law, but also, in opposition, plaintiff presented sufficient documentation to show that not only are derivative actions permitted, but also that double derivative actions may not be prohibited. Plaintiff also established that under applicable French law he was not required to sue all the CEOs and directors, etc., as defendants-appellants argued, but rather that he initiated this action successfully.
Plaintiff argues that the claims against defendants Kessler and Rosenberg should be reinstated. We hold that the 11th cause of action against Kessler for aiding and abetting fraud should be reinstated, but that Supreme Court otherwise appropriately dismissed all the other claims. "To state a claim for aiding and abetting fraud, a plaintiff must allege the existence of the underlying fraud, actual knowledge, and substantial assistance" (Chambers v Weinstein, 135 AD3d 450 [1st Dept 2016] [internal quotation marks omitted]). On a prior appeal this Court reinstated the underlying double derivative fraud claim against FranÇois (178 AD3d at 437-438). Our decision constitutes "a change in the law that would change the prior determination" warranting the granting of the renewal motion (CPLR 2221[e][2]). This Court's prior decision also satisfies the first element of pleading an underlying fraud. The TAC alleges that Kessler negotiated and/or prepared certain documents, including a below-market-rate lease for the property, thereby aiding and abetting FranÇois in his scheme to gain control of FrancInvest so as ultimately to sell FASC and defraud plaintiff. This allegation fulfills the "substantial assistance" element of the aiding and abetting fraud claim. The final element, that of actual knowledge, "need only be pleaded generally" (Oster v Kirschner, 77 AD3d 51, 55 [1st Dept 2010]). Consequently, plaintiff's motion to renew should have been granted, and the 11th causes of action against Kessler reinstated. We agree with Supreme Court that the remaining causes of action against Kessler, however, fail to allege facts supporting the claims asserted.
With respect to the eighth and tenth double derivative causes of action for corporate waste and breach of fiduciary duty, the 12th and 15th derivative causes of action for corporate [*5]waste and breach of fiduciary duty, and the 18th double derivative cause of action for unjust enrichment insofar as asserted against Rosenberg, plaintiff failed to set forth specific allegations of any wrongdoing by her. Even if we accept plaintiff's claim that Rosenberg was a fiduciary, there is nothing in the record that provides any detail about her alleged misconduct (see Pokoik v Pokoik, 115 AD3d 428, 429 [1st Dept 2014]). Nor does plaintiff present any cogent argument as to how Rosenberg is alleged to have wasted corporate assets. Since plaintiff fails to set forth any factual basis for these derivative and double derivative claims against Rosenberg, we affirm their dismissal.
Supreme Court correctly denied plaintiff's cross motion for summary judgment on the fourth and fifth causes of action (for unjust enrichment/quantum meruit and a constructive trust), finding disputed issues of fact, inter alia, as to whether "it is against equity and good conscience to permit [defendants-appellants] to retain what is sought to be recovered" (Mandarin Trading Ltd. v Wildenstein, 16 NY3d 173, 182 [2011] [internal quotation marks omitted]) and whether "the holder of the legal title may not in good conscience retain the beneficial interest" (Sharp v Kosmalski, 40 NY2d 119, 121 [1976] [internal quotation marks omitted]). These issues are ill suited to summary disposition (see generally McGrath v Hilding, 41 NY2d 625, 629 [1977]).
Supreme Court providently exercised its discretion by denying so much of plaintiff's motion to renew as was based on a document that he claimed to have received for the first time in August 2018. As the court noted, plaintiff's motion was to renew the motions that resulted in the November 2019 order; however, his arguments based on that document go to an earlier motion that resulted in the September 2018 order.
THIS CONSTITUTES THE DECISION AND ORDER OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: March 23, 2021