TRB Acquisitions LLC v Yedid (2024 NY Slip Op 01525)

TRB Acquisitions LLC v Yedid

2024 NY Slip Op 01525

Decided on March 19, 2024

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: March 19, 2024

Before: Singh, J.P., González, Scarpulla, Higgitt, Rosado, JJ. 

Index No. 651160/21 Appeal No. 1873 Case No. 2023-04733 

[*1]TRB Acquisitions LLC, et al., Appellants,
v
Jack Yedid, Respondent.

Hogan Lovells US LLP, New York (James L. Bernard of counsel), for appellants.
Benesch, Friedlander, Coplan & Aronoff LLP, New York (Edward C. Wipper of counsel), for respondent.

Order, Supreme Court, New York County (Jennifer Schecter, J.), entered on or about September 5, 2023, which, after a hearing, granted defendant's motion to dismiss the breach of contract complaint and directed the Clerk to enter judgment dismissing the complaint, unanimously reversed, on the law, with costs, the motion denied, and the complaint reinstated.
Supreme Court should have denied the motion to dismiss as violative of the single motion rule, "which permits a party to move only once upon one or more of the grounds enumerated under CPLR 3211 (a)" (Ouyang v Jeng, 260 AD2d 618, 619 [2d Dept 1999]; see CPLR 3211 [e] ["a party may move on one or more of the grounds set forth in subdivision (a) of this rule, and no more than one such motion shall be permitted"]; see also Simon v FrancInvest, S.A, 192 AD3d 565, 566-567 [1st Dept 2021], appeal dismissed 37 NY3d 1005 [2021]). Defendant had the opportunity to assert, in his prior motion to dismiss, that the anti-SLAPP statute applied if his statements were true. Thus, Supreme Court should have denied the motion (see Landes v Provident Realty Partners II, L.P., 137 AD3d 694 [1st Dept 2016]; compare Ultramar Energy v Chase Manhattan Bank, 191 AD2d 86, 88 [1st Dept 1993] [finding single motion rule does not apply because second CPLR 3211 (a) motion "is neither repetitive nor based on an alternative ground"]).
Because we find that Supreme Court should have denied defendant's motion under the single motion rule, we need not reach plaintiffs' remaining arguments. THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: March 19, 2024